■ In the Matter of the Town of Smithtown, Petitioner, v. Ralph D. Howell, Sr., et al., Constituting the Suffolk County Planning Commission, Respondents. In the Matter of Stanley Weisz, Petitioner, v. Ralph D. Howell, Sr., et al., Constituting the Suffolk County Planning Commission, Respondents.— Consolidated proceedings under article 78 of the CPLR to annul respondents' determination, made January 22, 1971, disapproving a change of zone resolution as to property of petitioner Weisz which had been adopted by petitioner Town Board of the Town of Smithtown. Determination annulled, on the law, without costs. The fact pattern herein is analogous to the situation in *Matter of We're Assoc. Co. v. Bear* (35 A D 2d 846, affd. 28 N Y 2d 981) wherein a county planning commission attempted to veto a town zoning change. It was there held that compliance with section 239-m of the General Municipal Law supersedes county charter provisions. We so hold here. Latham, Acting P. J., Shapiro, Gulotta and Christ, JJ., concur.

■ In the Matter of James Waddell, Jr., Petitioner, v. Commissioner of Department of Motor Vehicles, Respondent.— Proceeding pursuant to article 78 of the CPLR to annul respondent's determination, dated April 2, 1970, which suspended petitioner's driver's license for 30 days as of March 24, 1970, for a violation of section 1180 of the Vehicle and Traffic Law. Determination annulled, on the law, without costs. If we were not annulling the determination, we would reduce the suspension to seven days. The determination that petitioner was guilty of the violation in question was contrary to the credible evidence. Latham, Acting P. J., Shapiro, Gulotta and Christ, JJ., concur.

■ Anna Kraus, Appellant, v. B. Gertz, Inc., Respondent.—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered June 30, 1971, which dismissed her complaint upon the trial court's decision at the close of the evidence upon a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The questions of fact have not been considered. In our opinion, plaintiff made out a prima facie case. She allegedly slipped and fell on a wet floor adjacent to a water fountain in defendant's department store. The proof adduced was sufficient from which the inferences could reasonably be drawn that the condition was a recurring one; that defendant, through its employees, had actual notice of the condition; and that the failure to take protective measures constituted negligence. The issues of whether defendant's employee mopped the floor only minutes before the accident and whether plaintiff was guilty of contributory negligence are for the jury. Munder, Acting P. J., Martuscello, Gulotta, Brennan and Benjamin, JJ., concur.