■ RAFAEL ESPINAL et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [626 NYS2d 790] —Order of the Supreme Court, New York County (Leland DeGrasse, J.), entered on January 28, 1994, which denied the defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, and the motion granted, without costs or disbursements.

Plaintiff, Rafael Espinal, a grocery delivery person, allegedly slipped and fell on a stairway from the first to second floor of a building owned and maintained by defendant Housing Authority. Plaintiff claimed that the cause of the fall was debris left on the stairs. The IAS Court denied the defendant's motion for summary judgment, concluding that there was a factual issue as to whether defendant had constructive knowledge of the condition which led to plaintiff's injury. We find that this denial was in error, since plaintiff failed to come forward, in opposition to this motion, with evidentiary proof sufficient to raise triable issues of fact as to whether the Housing Authority had actual or constructive notice of a littered stairway (Trujillo v Riverbay Corp., 153 AD2d 793, 794).

Initially, we note that no evidence was submitted tending to show that defendant had actual notice of a defective condition, and, in his papers in opposition, plaintiff only argued that defendant had constructive notice. Liability based on constructive notice may only be imposed where a defect is visible and apparent and has existed for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it (Gordon v American Museum of Natural History, 67 NY2d 836, 837). Plaintiff testified that he did not observe any "objects or materials" on the stairway as he was walking up to the second floor to make a delivery. He further testified that he left the stairwell for "at most" five minutes to make the delivery and then returned to go back to the first floor. The lapse of a five-minute interval between the deposit

of a banana peel or other debris and the accident is insufficient, as a matter of law, to establish constructive notice to the defendant of the condition and an opportunity to remedy it *(see, Gordon v American Museum of Natural History, supra,* at 837).

Moreover, while plaintiff testified that, at other times, the stairwells at the premises "had a lot of garbage and people would urinate on them", he also testified that "sometimes they [the stairs] were clean". Thus, the record fails to establish a "recurrent dangerous condition" of debris in the stairwell of which the defendant had actual notice *(cf., Weisenthal v Pickman,* 153 AD2d 849, 851). Concur—Sullivan, J. P., Rosenberger, Nardelli and Williams, JJ.