■ WALENTYNA DEEGAN, Respondent, v 336 EAST 50TH STREET TENANTS CORP., Appellant. [627 NYS2d 383] —Order of the Supreme Court, New York County (Robert D. Lippmann, J.), entered on or about March 10, 1994, which denied defendant's motion for summary judgment seeking dismissal of the complaint, is unanimously reversed, on the law, and the motion granted, without costs and disbursements.

Plaintiff began this action after she allegedly slipped and fell on food waste, including a banana peel, which had allegedly spilled out of a torn garbage bag in front of defendant's cooperative. After depositions of plaintiff, an employee and officer of defendant, were held and affidavits of the parties and others submitted, the Supreme Court denied defendant's motion for summary judgment, finding issues of fact as to whether defendant had notice of the condition and how the accident occurred. We determine that, on the record herein, the IAS Court erred, and, therefore, reverse and grant the motion.

Plaintiff submitted no evidence that defendant possessed actual knowledge of any defective condition. Moreover, there was no showing that defendant had actual knowledge of a recurring problem of an accumulation of debris on the sidewalk.

Further, plaintiff failed to sustain her burden of demonstrating a triable issue as to whether defendant had constructive notice of the condition. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837). A "general awareness that litter or some other dangerous condition may be present" is insufficient to give defendant constructive notice of the condition (*supra,* at 838).

In the instant case, plaintiff was unable to testify that she

observed any debris before she fell. Further, there was no evidence that the condition existed for a sufficient length of time prior to the accident. This inability of plaintiff to make the required showing "creates the possibility that the condition may have emanated only moments before the accident, through no fault or with no knowledge of the defendant, any other conclusion being pure speculation" (*Grier v Macy & Co.*, 173 AD2d 238). Accordingly, since the plaintiff failed to raise any issue of fact as to whether defendant had notice of the condition which allegedly caused plaintiff's fall, the motion by defendant for summary judgment should have been granted by the IAS Court. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Williams, JJ.