■ STEPHEN J. PIRRELLI et al., Appellants, v LONG ISLAND RAILROAD et al., Respondents. [641 NYS2d 240] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered on February 1, 1995, which granted defendants' motion for summary judgment and dismissed the complaint, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

"To grant summary judgment it must clearly appear that no material and triable issue of fact is presented * * * This drastic remedy should not be granted where there is any doubt as to the existence of such issues, * * * or where the issue is 'arguable' * * *; 'issue-finding, rather than issue-determination, is the key to the procedure' [citations omitted]" (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404). Thus, it is "[t]he proponent of a summary judgment [who] must make a[n initial] prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case * * * Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers [citations omitted]" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

Applying these well settled principles to the case at bar, we conclude that the IAS Court erred when it found that the extant record in this "slip and fall" personal injury action did not raise an issue of fact with respect to whether defendants had notice of the alleged defect. As the movants for summary judgment, it was the defendants' burden to establish the absence of notice as a matter of law, particularly in light of the fact that plaintiffs had submitted proof, including expert opinions, that support a reasonable inference that defendants could be charged with constructive notice, if not actual notice of the presence of the slippery substance on the floor. In focusing on the persuasiveness of the plaintiffs' proof, the IAS Court engaged in "issue-determination" rather than "issue-finding".

We note that the defendants' and the IAS Court's reliance on *Batiancela v Staten Is. Mall* (189 AD2d 743) was misplaced because that case concerns the sufficiency of the evidence ad-

duced at trial, a difference in procedural posture that significantly alters the analysis of who carries the initial burden of coming forward regarding disputed issues. Here, defendants as the movants for summary judgment failed to put forth sufficient evidence that they lacked notice that would entitle them to judgment as a matter of law. Thus, this matter was not amenable to summary disposition and the defendants' motion should have been denied. Concur—Milonas, J. P., Wallach, Ross and Mazzarelli, JJ.