■ Ben Nedd et al., Respondents, v Associated Hospital Services of New York, Inc., Appellant. (And a Third-Party Action and a Related Action.) [654 NYS2d 611] —In an action to recover damages for personal injuries, etc., the defendant appeals from so much of (1) an order of the Supreme Court, Kings County (Feinberg, J.), dated January 24, 1996, as denied its motion for summary judgment dismissing the complaint and all cross claims, and (2) an amended order of the same court, dated February 13, 1996, as denied its motion for the same relief.

Ordered that the appeal from the order dated January 24, 1996, is dismissed, as that order was superseded by the amended order dated February 13, 1996; and it is further,

Ordered that the amended order is reversed insofar as appealed from, on the law, the defendant's motion is granted, the provision of the order dated January 24, 1996, which denied the appellant's motion for summary judgment is vacated, and the complaint and all cross claims are dismissed; and it is further,

Ordered that the defendant is awarded one bill of costs.

It is well settled that a plaintiff in a slip and fall case must

establish that the defendant either created the defective condition or had actual or constructive notice of it *(see, Kraemer v K-Mart Corp.,* 226 AD2d 590; *Rotunno v Pathmark,* 220 AD2d 570).* The evidence presented in this record, including the deposition testimony of the injured plaintiff, fails to establish that the defendant caused or created the alleged dangerous condition *(see generally, Mercer v City of New York,* 88 NY2d 955; *Winecki v West Seneca Post 8113,* 227 AD2d 978). Moreover, the record fails to support the conclusion that the defendant had either actual or constructive notice of the condition complained of *(see, Piacquadio v Recine Realty Corp.,* 84 NY2d 967; *Gordon v American Museum of Natural History,* 67 NY2d 836; *Rotunno v Pathmark, supra; Espinal v New York City Hous. Auth.,* 215 AD2d 281), nor is there any evidence to establish that the defendant had actual knowledge of the recurrence of a dangerous condition on the premises *(see, e.g., Deegan v 336 E. 50th St. Tenants Corp.,* 216 AD2d 59; *Espinal v New York City Hous. Auth., supra).* Accordingly, we agree with the defendant that it is entitled to summary judgment dismissing the complaint and cross claims. Miller, J. P., Sullivan, Pizzuto and Goldstein, JJ., concur.