DELLA CURTO, Appellant, v KING KULLEN GROCERY COMPANY, INC., Respondent. [673 NYS2d 923] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated April 28, 1997, which, upon the reservation by the

court of its determination of the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiff's evidence, and a jury verdict finding the defendant 70% at fault and the plaintiff 30% at fault in the happening of the accident, granted the defendant's motion, set aside the jury's verdict, and dismissed the complaint.

Ordered that the order is affirmed, with costs.

It is well settled that a plaintiff in a slip-and-fall case must establish that the defendant either created the defective condition or had actual or constructive notice of it. To constitute constructive notice, a defect must be visible and apparent, and it must exist for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Nedd v Associated Hosp. Servs.,* 236 AD2d 455; *Rotunno v Pathmark,* 220 AD2d 570). We agree with the Supreme Court that there was no evidence presented to the jury from which it could infer that the defendant either created the condition or had actual or constructive notice of it. Thus, the Supreme Court properly granted the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law. Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.