■ ROBERT LUSTGARTEN et al., Appellants, v OCEANSIDE UNION FREE SCHOOL DISTRICT et al., Respondents. [716 NYS2d 889] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Joseph, J.), entered March 22, 2000, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A plaintiff in a slip-and-fall case must demonstrate that the defendant either created the dangerous condition which caused the accident, or had actual or constructive notice of it (*see, Kraemer v K-Mart Corp.,* 226 AD2d 590). To constitute

constructive notice, a defect must be visible and apparent, and it must exist for a sufficient length of time before the accident to permit the defendant to remedy it (*see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837).

The defendants made a prima facie showing that they were entitled to judgment as a matter of law by offering sufficient evidence demonstrating the absence of any issue of fact with respect to the creation of the condition, or actual or constructive notice (*see,* CPLR 3212 [b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). The defendants also made a prima facie showing that the plaintiffs' separate claim of lack of supervision was not a proximate cause of the accident (*see, Mirand v City of New York,* 84 NY2d 44). The plaintiffs contend that the defendants had actual notice of the tendency of a particular dangerous condition to occur and therefore were charged with constructive knowledge of the specific substance on which the infant plaintiff slipped and fell. However, the plaintiffs failed to raise a triable issue of fact that there was any recurring dangerous condition of which the defendants had actual knowledge (*see, Kaplan v Waldbaum's Inc.,* 231 AD2d 680, 681), or as to their claim of lack of supervision (*see,* CPLR 3212). Bracken, J. P., Santucci, Altman and Florio, JJ., concur.