■ LUIGI ROPPOLO et al., Respondents, v MITSUBISHI MOTOR SALES OF AMERICA, INC., et al., Appellants. MITSUBISHI MOTOR SALES OF AMERICA, INC., Third-Party Plaintiff-Appellant, v MANHATTAN BUSINESS INTERIORS, INC., Third-Party Defendant-Respondent. [718 NYS2d 322] —Order, Supreme Court, New York County (Louis York, J.), entered April 17, 2000, which, in an action for personal injuries by a laborer against defendant owner and net lessee of a building undergoing renovation, *inter alia*, denied the owner's and lessee's respective motions for summary judgment dismissing the complaint as against them, denied the owner's motion for summary judgment on its claims for contractual indemnity against third-party defendant renovation contractor, plaintiff's employer, and granted plaintiff's motion for leave to serve an amended bill of particulars alleging a violation of 12 NYCRR (Industrial Code) 23-1.7 (d), unanimously affirmed, without costs.

Plaintiff testified at his deposition that while doing work on the roof, he slipped on a preexisting patch of ice that had been concealed by fresh snow that fell while he was on the roof, and that he had seen this patch of ice the day before. The lessee, a car dealership, pointed out that it was not a party to the contract between the owner and plaintiff's employer to renovate the building, and that it had not yet made use of or otherwise taken actual possession of the portion of the roof where renovations were still ongoing and the accident occurred. It argues that the complaint should be dismissed as against it since it was not responsible for the maintenance of the roof and did not have notice of the ice accumulation. We disagree. An issue of fact as to notice was raised by the use the lessee was making of at least a portion of the roof to park its cars together with

plaintiff's testimony that he saw the ice patch the day before he fell (compare, Deegan v 336 E. 50th St. Tenants Corp., 216 AD2d 59). We would also note that the lease, which is not the subject of argument on appeal, appears to obligate the lessee to maintain the premises, and every part thereof, including specifically the roof, in good condition and repair regardless of accessibility or whether or not the need for repair was due to the lessee's use, any prior use, the elements or age.

The owner argues that the complaint should be dismissed as against it since it had no supervisory control over the contractor's workers, including plaintiff. However, supervisory control is a necessary element to a Labor Law § 200 claim against an owner only "[w]here the alleged defect or dangerous condition arises from the contractor's methods" (Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877). Here, it does not appear that the ice patch was caused by the contractor's or plaintiff's methods of performing the renovations. We also reject the owner's argument that the building's roof is not within the ambit of 12 NYCRR 23-1.7 (d), which requires that floors, passageways and walkways be kept free of slippery conditions, and that plaintiff therefore has no claim under Labor Law § 241 (6). Walking on a roof, especially one used in the ordinary course of a building occupant's business, is not akin to walking on a pile of steel beams (see, Francis v Aluminum Co., 240 AD2d 985, 987).

The owner's claim for indemnity against the contractor is premature, since the owner's responsibility for snow removal remains unresolved, and since, under their contract, the contractor is obligated to indemnify the owner only for negligent acts committed by parties other than the owner.

We decline to review the contractor's arguments that the main complaint should be dismissed, since the contractor neither sought such relief before the IAS Court nor filed a notice of appeal from the court's order. Concur—Nardelli, J. P., Tom, Mazzarelli, Ellerin and Rubin, JJ.