■ Jay Giuffrida, Appellant, v Metro North Commuter Railroad Company et al., Respondents. (And a Third-Party Action.) [720 NYS2d 41] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered September 9, 1999, which granted defendant Metro North's motion to dismiss the complaint, and order, same court and Justice, entered December 3, 1999, which denied plaintiff's cross-motion for leave to reargue, and which granted the motion of defendant Azor Bake Shop for clarification of its prior order to the extent of directing that the complaint be dismissed as against defendant Azor, unanimously reversed, on the law, without costs, and the complaint reinstated as against both defendants.

Plaintiff alleges that she slipped in the Graybar Passage of

Grand Central Station in the vicinity of Zaro's Bread Basket, owned and operated by defendant Azor Bake Shop. The "Aided Report" completed by the Metro North Police Department states that "[t]here was some sort of stain. The area did not appear to be wet." At a 50-h hearing, plaintiff described the substance as a dry spot: "Six inches, approximately, over a spot about nine inches, approximately." At a subsequent examination before trial, plaintiff was also asked to describe the area, stating, "It was a light substance over a dark substance." At a second examination before trial, she was asked what the substance looked like to her, responding, "Soda. Ice cream on top of soda."

On the respective defendants' motions to dismiss the complaint, Supreme Court perceived plaintiff's subsequent testimony to be a "180 degree shift in her position" and an attempt to retract the admission that "she did not know what caused her to fall." The court ruled that the later testimony "presents only a feigned factual issue designed to avoid the consequences of her earlier admission." The court concluded, "Since the area where plaintiff fell was near a garbage can, the particular debris could have been dropped at any time and since plaintiff has not shown either actual or constructive notice, liability does not lie."

Plaintiff was not obligated to identify the substance that caused her to slip and fall (*Colt v Great Atl. & Pac. Tea Co.*, 209 AD2d 294, 295) and such omission cannot be equated with the failure to identify the *cause* of her fall. Contrary to defendants' suggestion, it is not plaintiff's burden in opposing the motions for summary judgment to establish that defendants had actual or constructive notice of the hazardous condition. Rather, it is defendants' burden to establish the lack of notice as a matter of law (*see, Padula v Big V Supermarkets*, 173 AD2d 1094, 1095; *see also, Hewett v Conway Stores*, 266 AD2d 137). Where the defendant neither created the condition nor had actual notice, a defendant seeking to dismiss the complaint must demonstrate the lack of evidence regarding how the alleged condition came into existence, how visible and apparent it was, and for how long a period of time prior to the accident it existed (*see, O'Rourke v Williamson, Picket, Gross,* 260 AD2d 260; *Deegan v 336 E. 50th St. Tenants Corp.*, 216 AD2d 59; *see also, Gordon v American Museum of Natural History*, 67 NY2d 836).

Plaintiff's testimony that the substance consisted of a light-colored spot with a diameter of six inches on top of a dark-colored spot with a diameter of nine inches constitutes evi-

dence of sufficient particularity that the condition was visible and apparent. The consistent description of the substance as a "stain" and "dry" and "solid" is evidence from which a jury would be warranted in finding that the condition had been present for a substantial period of time and, together with testimony that the area where plaintiff fell is subject to regular inspection and cleaning, is sufficient to allow a finding of constructive notice to defendants (*Pirrelli v Long Is. R. R.*, 226 AD2d 166; *Giambrone v New York Yankees*, 181 AD2d 547).

Finally, testimony by defendant Azor's vice president that its obligation to provide cleaning services did not extend beyond the premises occupied by the Zaro's bakery is contradicted by the language of its Revocable Permit Agreement with Metro North, which imposes a duty to keep "the area adjacent to the Premises in good order and condition so that at all times the Premises are clean, free of vermin and present no hazardous condition." Concur—Tom, J. P., Ellerin, Rubin, Saxe and Buckley, JJ.