■ Sherman B. Smith et al., Respondents, v Funnel Equities, Inc., et al., Appellants. [723 NYS2d 194] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Oshrin, J.), dated June 21, 2000, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The injured plaintiff allegedly slipped and fell on debris on a loading dock owned by the defendant Funnel Equities, Inc., a wholly-owned subsidiary of the defendant Waldbaum, Inc. Waldbaum, Inc., employed the services of Motorman Haulage, a nonparty corporation, to clean and maintain the loading dock.

After the parties engaged in pretrial discovery, the defendants moved for summary judgment dismissing the complaint based on lack of notice. In opposition, the plaintiffs asserted that the defendants had constructive notice of the dangerous condition because the debris which caused the accident was a recurring hazard. The Supreme Court denied the defendants' motion, finding that factual issues existed as to whether the defendants should be charged with constructive notice because of a recurring condition.

The defendants made a prima facie showing of the absence of notice as a matter of law (*see, Dwoskin v Burger King Corp.,* 249 AD2d 358). In opposition, the plaintiff failed to produce any evidence from which a jury could reasonably infer that the defendants had actual notice of a recurring hazard so that they could be charged with constructive notice of each specific recurrence of the condition (*see, Carlos v New Rochelle Mun. Hous. Auth.,* 262 AD2d 515). The plaintiffs did not offer any evidence to establish that debris was present on the loading dock for any appreciable period of time, or that any prior complaints of debris on the loading dock were made to the defendants.

Even if the injured plaintiff's deposition testimony could establish that the defendants possessed a general awareness of a hazardous condition, this would be legally insufficient to constitute constructive notice of the particular condition that caused the accident (*see, Piacquadio v Recine Realty Corp.,* 84 NY2d 967; *Gordon v American Museum of Natural History,* 67 NY2d 836). S. Miller, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.