■ RHONDA L. REECE, Respondent, v CITY OF NEW YORK et al., Appellants. [726 NYS2d 578] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Rappaport, J.), entered March 3, 2000, which, upon a jury verdict finding that

the defendants were 100% at fault in the happening of the accident, awarded the plaintiff the principal sum of $500,000 for past pain and suffering, and the principal sum of $1,500,000 for future pain and suffering.

Ordered that the judgment is reversed, on the law, the facts, and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 30 days after the service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the principal sum of $500,000 to the principal sum of $350,000, and for future pain and suffering from the principal sum of $1,500,000 to the principal sum of $600,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so decreased and amended, is affirmed, without costs or disbursements.

Contrary to the defendants' contention, there was sufficient proof from which the jury could have found that the defendants had actual knowledge that the wet entrance floor was a recurrent dangerous condition and, therefore, that the defendants had constructive notice of the wet floor which caused the plaintiff's injuries (*see, Padula v Big V Supermarkets,* 173 AD2d 1094; *Kraus v B. Gertz, Inc.,* 38 AD2d 857; *cf., Kershner v Pathmark Stores,* 280 AD2d 583; *Chemont v Pathmark Supermarkets,* 279 AD2d 545).

However, the damages awarded deviated materially from what would be considered reasonable compensation to the extent herein indicated (*see,* CPLR 5501 [c]). Friedmann, J. P., Florio, Smith and Cozier, JJ., concur.