■ CLAIRE M. SILVERMAN, Appellant, v BLENHEIM ASSOCIATES REALTY CORP. et al., Respondents. [737 NYS2d 343] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered October 2, 2000, which, in an action for personal injuries sustained in a fall on commercial premises owned by and leased to defendants, granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to reinstate the complaint as against defendant tenant, and otherwise affirmed, without costs.

The action was properly dismissed as against the landlord in view of its lease with the tenant obligating the latter to

maintain the parking lot where the allegedly defective hand railing was located, and in the absence of evidence that the landlord was in possession of the premises, or installed the hand railing, or had actual notice of the alleged defect that caused it to collapse when plaintiff placed her hand on it, or that the alleged defect involved a significant structural or design defect and a specific statutory violation (*see, Manning v New York Tel. Co.*, 157 AD2d 264, 269-270; *Stark v Port Auth.*, 224 AD2d 681). However, the action should not have been dismissed as against the tenant on the basis of the deposition testimony of its facility manager to the effect that his responsibilities did not include the parking lot, that he did not know anything about the construction then being performed in the area of the parking lot, that he never inspected the hand railing and, while admitting that he and a coworker painted the hand railing about a month before the accident, claimed that the section of the pole that collapsed was painted by the coworker. Such testimony failed to satisfy the tenant's initial burden of showing, as a matter of law, that it lacked both actual and constructive notice of the alleged defect (*see, Giuffrida v Metro N. Commuter R.R. Co.*, 279 AD2d 403, 404), and, accordingly, its motion should have been denied regardless of the sufficiency of plaintiff's opposing papers (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). Indeed, if anything, such testimony raised issues of fact as to whether the hand railing was installed as part of a construction project by the tenant, and whether it was the tenant's responsibility to inspect the hand railing periodically. Concur—Mazzarelli, J.P., Saxe, Sullivan, Wallach and Friedman, JJ.