■ Joseph Freund et al., Respondents, v Ross-Rodney Housing Corp. et al., Appellants, et al., Defendants. (And a Third-Party Action.) [738 NYS2d 612] —In an action to recover damages for personal injuries, etc., the defendants Ross-Rodney Housing Corp., Bedford Gardens Co., and Kraus Management appeal from an order of the Supreme Court, Kings County (Rappaport, J.), dated July 3, 2001, which denied their motion

for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff Joseph Freund allegedly was injured when he slipped and fell on a wet floor in the apartment building where the plaintiffs reside. The appellants moved for summary judgment dismissing the complaint insofar as asserted against them based on lack of notice of the allegedly dangerous condition.

The Supreme Court properly denied the motion. After the appellants established their prima facie entitlement to judgment as a matter of law, the plaintiffs raised a triable issue of fact. "It is well settled that a plaintiff in a slip and fall case must establish that the defendant either created the defective condition or had actual or constructive notice of it" (*Nedd v Associated Hosp. Servs. of N.Y.*, 236 AD2d 455, 455-456; *see, Kershner v Pathmark Stores*, 280 AD2d 583). "A defendant who has actual knowledge of an ongoing and recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of the condition" (*Osorio v Wendell Terrace Owners Corp.*, 276 AD2d 540; *see, Lustgarten v Oceanside Union Free School Dist.*, 277 AD2d 430). Although the appellants' witness denied actual knowledge of the alleged recurring condition, the record contains facts from which the trier of fact could reasonably infer that the appellants had actual notice of such recurring condition (*see, Padula v Big V Supermarkets*, 173 AD2d 1094, 1095; *Kraus v B. Gertz, Inc.*, 38 AD2d 857; *cf., Smith v Funnel Equities*, 282 AD2d 445). Prudenti, P.J., Santucci, Florio and Friedmann, JJ., concur.