■ AURA SANTIAGO, Respondent, v MANHATTAN COLLEGE, Defendant and Third-Party Plaintiff-Appellant. MARRIOTT MANAGEMENT SERVICES CORP., Third-Party Defendant-Appellant. [744 NYS2d 17] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered April 24, 2001, which denied the motion of third-party defendant Marriott Management Services Corp. and the cross motion of defendant Manhattan College for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff allegedly fell and injured herself when she slipped upon confetti-like paper lying upon the floor of defendant's premises. The motion and cross motion for summary judgment, premised upon defendant's claimed lack of notice of an opportunity to remedy the alleged hazard, were properly denied since the summary judgment movants did not meet their initial burden of demonstrating, prima facie, that defendant did not have notice, actual or constructive, of the claimed hazard. Indeed, the evidence of record indicates that plaintiff fell in an area regularly used by defendant's students to construct signs announcing campus events and provides support to plaintiff's contention that defendant was aware of and administratively involved in the sign-making activity and thus had knowledge of the condition of the premises in its aftermath (*see, Giuffrida v Metro N. Commuter R.R. Co.*, 279 AD2d 403). We need not reach the argument of the assumption of risk raised for the first time on appeal. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Rosenberger and Marlow, JJ.