■ MARIE JACQUES, Appellant, v RICHAL ENTERPRISES INC., Respondent. [751 NYS2d 726] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered March 15, 2002, which granted defendant's motion for summary judgment, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff suffered injuries when she slipped and fell at Burger King. She slipped immediately after purchasing food for herself and her daughter, as the two were walking towards a table, with the daughter carrying the tray. In support of its motion for summary judgment, defendant submitted the complaint, the bill of particulars, and plaintiff's deposition testimony, where, when asked, "Did you see what caused you to slip, if anything," she answered "No." In opposition to defendant's motion, plaintiff, whose native language is French, submitted an affidavit stating that her answer at her examination before trial was based upon the erroneous assumption that she was being asked if she saw anything before she fell. She added that immediately after her fall, she saw "dirty ice and dirty water situated in the area of [her] accident * * * [and that she observed] various foot prints in the water." Plaintiff also asserted that immediately after the accident, her pants were wet and dirty. Plaintiff's daughter, who is over 18 years old, submitted an affidavit stating that when she "looked to the floor to see what caused [her] mother to fall [she] observed dirty ice and water on the floor with foot prints in the water." Plaintiff also submitted an excerpt from the deposition testimony of the manager of the store stating that it was general practice for a manager or assistant manager to walk around the entire floor of the restaurant every 15 minutes to make sure that it was clean. Defendant did not submit any evidence regarding the condition of the floor of its restaurant on the date of the accident.

The IAS court granted defendant's motion, finding that plaintiff's affidavits were self-serving, and, in any event, did not provide sufficient evidence to charge defendant with constructive notice of the dirty water and ice on its floor. Because the IAS court misconstrued defendant's burden as proponent of this motion for summary judgment, we reverse.

Viewing the complaint, the bill of particulars, the various deposition testimony, and supporting affidavits in the light most favorable to plaintiff, the opponent of the motion, a factual issue is presented as to whether defendant had constructive notice of a hazardous condition, here, the dirty puddle of water, on its floor. Even in the absence of plaintiff's allegedly self-serving affidavit, defendant, as the proponent of the motion, has the burden of showing its "entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). Moreover, "[w]here [a] defendant neither created the condition nor had actual notice, a defendant seeking to dismiss the complaint must demonstrate the lack of evidence regarding how the alleged condition came into existence, how visible and apparent it was, and for how long a period of time prior to the accident it existed [citations omitted]" (*Giuffrida v Metro N. Commuter R.R. Corp.*, 279 AD2d 403, 404). Defendant did not meet its burden here, by submitting evidence about either its floor-cleaning procedure or the actions of its staff on the date in question. "In focusing on the persuasiveness of the plaintiffs' proof, the IAS Court engaged in 'issue-determination' rather than 'issue-finding'" (*Pirrelli v Long Is. R.R.*, 226 AD2d 166, 166). Concur—Nardelli, J.P., Mazzarelli, Buckley, Sullivan and Ellerin, JJ.