■ ROSA J. MOREIRA et al., Respondents, v CITY OF NEW YORK, Defendant, and POLICE ATHLETIC LEAGUE, INC., Appellant, and PRIMALTO DEVELOPMENT & CONSTRUCTION Co. et al., Respondents. [771 NYS2d 667]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered May 14, 2003, which denied the motion of defendant Police Athletic League (PAL) for summary judgment dismissing the complaint as against it or, in the alternative, for summary judgment upon its cross claim for contractual indemnification from its codefendants, unanimously affirmed, without costs.

Plaintiff alleges that she was injured when she tripped and fell in a hole in a temporary walkway erected by defendants in connection with a construction project. PAL's motion for summary judgment dismissing the complaint as against it was properly denied since it failed to address plaintiffs' allegations that it had actual and constructive notice of the alleged hazard. "[I]t is not plaintiff's burden in opposing [a motion] for summary judgment to establish that defendants had actual or constructive notice of the hazardous condition. Rather, it is defendants' burden to establish the lack of notice as a matter of law" (*Giuffrida v Metro N. Commuter R.R. Co.*, 279 AD2d 403, 404 [2001]).

Inasmuch as the contracts pursuant to which indemnification was sought by PAL had not yet been produced, that branch of PAL's motion seeking summary judgment upon its claims for contractual indemnification was properly denied as premature.

We have considered PAL's remaining arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Saxe and Lerner, JJ.