■ LILLIAN DORSA, Respondent, v NATIONAL AMUSEMENTS, INC., Appellant. [776 NYS2d 583]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Werner, J.), entered June 12, 2002, which denied its motion for summary judgment dismissing the complaint and granted that branch of the plaintiff's cross motion which was to strike its answer based upon its spoliation of evidence to the extent of precluding it from offering certain evidence at trial.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's cross motion which was to strike the defendant's answer based upon its spoliation of evidence to the extent of precluding the defendant "from presenting evidence that it lacked notice of the condition that caused plaintiff's accident," and substituting therefor a provision granting that branch of the motion only to the extent of precluding the defendant from offering any evidence at trial as to the condition of the subject water fountain and directing that an adverse inference charge be issued against the defendant; as so modified, the order is affirmed insofar as appealed from, with costs payable to the plaintiff.

On July 14, 1996, the plaintiff's decedent, Lillian Dorsa, was allegedly caused to slip and fall while entering a restroom adjacent to a water fountain in the lobby of the defendant's movie theater. On November 3, 1997, Ms. Dorsa commenced this action alleging, inter alia, that the defendant was negligent in causing or permitting water to accumulate at that location. Upon the completion of disclosure, the defendant moved for

summary judgment dismissing the complaint on the ground that it did not create and lacked prior notice of the allegedly dangerous condition. The plaintiff cross-moved, pursuant to CPLR 3126 and the common-law doctrine of spoliation of evidence, to strike the defendant's pleading. The plaintiff contends that during a June 13, 2000, deposition, the defendant's former managing director, Priscilla Leonidas, testified that, in accordance with her normal custom and practice, she disposed of the theater's 1996 maintenance records after "a couple of years." The Supreme Court denied the defendant's motion and granted the plaintiff's cross motion to the extent of precluding the defendant "from presenting evidence that it lacked notice of the condition that caused plaintiff's accident."

Contrary to the defendant's contention, the Supreme Court properly denied its motion and granted that branch of the plaintiff's cross motion which sought preclusion due to the spoliation of evidence.

A plaintiff in a slip-and-fall case must establish that the defendant either created the defective condition or had actual or constructive notice of it (see Nedd v Associated Hosp. Servs. of N.Y., 236 AD2d 455 [1997]; Gordon v American Museum of Natural History, 67 NY2d 836 [1986]). A "defendant who has actual knowledge of a recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of that condition" (Fielding v Rachlin Mgt. Corp., 309 AD2d 894 [2003]; see Freund v Ross-Rodney Hous. Corp., 292 AD2d 341 [2002]).

The destruction of the theatre's 1996 maintenance records after "a couple of years" or subsequent to when the defendant received notice of the plaintiff's claim through a contemporaneous incident report and the November 3, 1997, commencement of the action prevented the plaintiff from obtaining evidence from which a trier of fact may have been able to reasonably infer that the defendant had actual notice of a recurring dangerous condition (see Freund v Ross-Rodney Hous. Corp., supra at 342; Parkson v Store 24, 232 AD2d 465 [1996]; Padula v Big V Supermarkets, 173 AD2d 1094 [1991]; Kraus v B. Gertz, Inc., 38 AD2d 857 [1972]).

The sanction imposed by the Supreme Court was unnecessarily severe because it shifted the burden of proof as to the issue of notice. Accordingly, we modify the order and grant that branch of the plaintiff's cross motion only to the extent of precluding the defendant from offering any evidence at trial as to the condition of the water fountain and directing that an adverse inference charge be issued (see Mylonas v Town of Brookhaven, 305 AD2d 561, 563 [2003]; Foncette v LA Express,

295 AD2d 471, 473 [2002]). Smith, J.P., Luciano, Adams and Rivera, JJ., concur.