■ ELAINE GREENE, Respondent, v AUTOMOTIVE REALTY CORP., Appellant, et al., Defendant. (And a Third-Party Action.) [775 NYS2d 144]—

Order, Supreme Court, Bronx County (Anne E. Targum, J.), entered July 7, 2003, which denied defendant Automotive Realty's motion for summary judgment and granted plaintiff's cross motion to amend her pleadings to add a former third-party defendant, Auto Show Corp., as a party defendant, unanimously affirmed, without costs.

Automotive Realty failed to establish its prima facie entitlement to summary judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]), having submitted no affidavit from a person with knowledge of the facts. The affidavit of its president was insufficient to resolve numerous questions of fact as to liability for the condition that caused plaintiff's injuries. Moreover, Automotive Realty bore the burden of demonstrating lack of knowledge as to how the condition had come into existence in the first place, how visible and apparent it was, and for how long a period of time it had existed prior to the accident (*Jacques v Richal Enters.*, 300 AD2d 45, 46 [2002]).

Plaintiff's request to amend her pleadings satisfied the three-part test for adding a new party relating back, for limitations purposes, to her earlier pleading against the original defendant (*Buran v Coupal*, 87 NY2d 173, 177-178 [1995]).

We have considered the appellant's remaining contentions and find them to be without merit. Concur—Nardelli, J.P., Saxe, Sullivan and Gonzalez, JJ.