■ JHONY VALDERRAMA, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. (And a Third-Party Action.) [795 NYS2d 12]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered December 24, 2003, which, insofar as appealed from, granted the motion of defendant New York City Transit Authority (NYCTA) for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff testified at a deposition and a General Municipal Law § 50-h hearing that in March 2001 he was employed by third-party defendant Hazardous Elimination Corporation (HEC). On the date of the accident, HEC was doing an asbestos removal project in the subway at 31st Street and Broadway. Plaintiff recalled that HEC employees entered the subway through an emergency exit, and that upon descent to track level they were approximately 50 feet from the work site. Plaintiff stated that he had not yet begun the day's asbestos removal work when he was injured. He explained that workers first had to make trips to the site to set up their materials. On one such trip, plaintiff fell into a four-square-foot drainage hole. The testimony is unclear as to exactly how he fell, but he remembered that his left leg went knee-deep into the hole. Plaintiff recalled seeing a grating cover nearby, but his testimony is unclear as to the exact distance of the cover from the hole.

An employee of NYCTA offered deposition testimony that before any HEC employees went down to the tracks, he was required to do a safety inspection, described as follows: "[W]e walk down [through the track area] and if we saw any major penetration and holes we won't allow anybody to work. But sometimes there's so much debris between the rails we can't really tell. At times it would look like it conformed and there may be a penetration there. It's just the debris." The same employee testified that after plaintiff's accident, he noticed a grating cover that was not directly over the drainage hole, but was off to the right side. He recalled that the cover seemed to be "compromised" or "cracked." He also stated that the grating covers are made of fiberglass, and would normally support a 270 pound man. He also observed what looked to him like garbage and leaves in the hole.

Plaintiff brought this action on a theory, as narrowed by the supplemental bill of particulars, of constructive notice. Plaintiff alleged that the uncovered drainage hole should have been apparent to the NYCTA employee when he did his daily inspec-

tion, and that this defendant should be charged with notice of the hazard, based on its size and location. Viewing the submissions in the light most favorable to plaintiff, the opponent of the summary judgment motion, we conclude that defendant has not "demonstrate[d] the lack of evidence regarding how the alleged condition came into existence, how visible and apparent it was, and for how long a period of time prior to the accident it existed" (*Giuffrida v Metro N. Commuter R.R. Co.*, 279 AD2d 403, 404 [2001]; *see also Pirrelli v Long Is. R.R.*, 226 AD2d 166 [1996]).

Given that NYCTA employees were required to check the tracks every morning to clear away debris and make sure that the area was safe for the workers, the fact that this accident happened early in the day, after defendant's inspection but before plaintiff and his colleagues began their work, and the size of the hole, which was described as four feet square with a dislodged cover, we find that defendant has not established, as a matter of law, the absence of constructive notice of the hazard (*Moreira v City of New York*, 4 AD3d 311 [2004]; *Spanbock v Fifty Fourth St. Condominium*, 3 AD3d 395 [2004]).

Accordingly, we deny defendant's motion and reinstate the complaint. Concur—Mazzarelli, J.P., Marlow, Ellerin, Nardelli and Catterson, JJ.