■ SAMMY MEGALLY, Appellant, v 440 WEST 34TH STREET COMPANY et al., Respondents. [667 NYS2d 716] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about January 13, 1997, granting defendants summary judgment dismissing the complaint, unanimously reversed, on the law and the facts, without costs, the motion denied, the complaint reinstated and the matter remanded for further proceedings.

Plaintiff slipped on a peach pit near the single garbage pail on his floor, as a consequence of which he allegedly sustained personal injuries. Evidence provided by defendant's employee, the porter, indicated that garbage commonly overflowed the

single garbage pail provided for each floor, including the floor upon which plaintiff slipped, and that long periods occurred between garbage collections. Plaintiff must come forward with evidence establishing constructive notice of the particular condition that caused the fall (*cf., Gordon v American Museum of Natural History*, 67 NY2d 836, 838), as contrasted with only a general awareness of such (*cf., Piacquadio v Recine Realty Corp.*, 84 NY2d 967), which must be visible and apparent and must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it (*O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106). Plaintiff's burden may be met by evidence of an ongoing and recurring dangerous condition in the area of the slip and fall, which routinely was left unaddressed by the landlord (*supra*). Such evidence will be viewed in a light most favorable to the plaintiff (*Anderson v Klein's Foods*, 139 AD2d 904, *affd* 73 NY2d 835). In the case at bar, plaintiff's evidence of constructive notice of the spillage and the purported resulting dangerous condition based on the deposition testimony of the landlord's porter was adequate to survive summary judgment, so that the grant of summary judgment to defendants was error. Concur—Milonas, J. P., Rubin, Tom, Mazzarelli and Colabella, JJ.