■ MARTIN O'ROURKE, Appellant, v WILLIAMSON, PICKET, GROSS, INC., et al., Respondents. WILLIAMSON, PICKET, GROSS, INC., Third-Party Plaintiff-Respondent, v ARCADE BUILDING MAINTENANCE, INC., Third-Party Defendant-Respondent. [688 NYS2d 528] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered April 3, 1998, which, in an action for personal injuries allegedly sustained when plaintiff slipped on

the floor of a building lobby, granted motions by defendant managing agent and third-party defendant cleaning and maintenance contractor for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Absent any claim that defendants created or had actual notice of the one-foot-long, linear-shaped "smear" plaintiff saw after regaining his balance, and absent any evidence that there was any water on the floor near where plaintiff slipped other than this smear, there is no non-speculative basis on which to determine whether, and for how long, the smear was on the floor before plaintiff walked into the building, or, indeed, whether the water was dripped or tracked onto the floor of the lobby by plaintiff himself. In other words, no issue of fact is raised as to whether defendants had constructive notice of the smear by virtue of its having been "visible and apparent and [in existence] for a sufficient length of time prior to the accident to permit * * * defendant[s'] employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837). The fact that it had been raining for several hours prior to the accident does not, without more, permit an inference of constructive notice (*see, Harper v United States*, 949 F Supp 130, 133-134; *Hamilton v Rite Aid Pharms.*, 234 AD2d 778, 778-779; *Kovelsky v City Univ.*, 221 AD2d 234; *Stoerzinger v Big V Supermarkets*, 188 AD2d 790). Nor can liability be predicated upon the theory of a recurring dangerously slippery condition routinely left unaddressed absent any evidence that the floor was actually slippery before plaintiff walked into the building on the day of the accident (*cf., Megally v 440 W. 34th St. Co.*, 246 AD2d 346), and, for the same reason, the affidavit of plaintiff's expert, opining that the lobby floor was of a kind that becomes dangerously slippery when wet, is unavailing to raise an issue of fact. Finally, any performance specifications set forth in the contract under which building maintenance services were provided cannot raise the standard of reasonable care imposed by prevailing law (*see, Lesser v Manhattan & Bronx Surface Tr. Operating Auth.*, 157 AD2d 352, 356). Concur—Sullivan, J. P., Wallach, Lerner, Mazzarelli and Buckley, JJ.