■ KEUM CHOI et al., Respondents, v OLYMPIA & YORK WATER STREET COMPANY, Formerly Known as OLYMPIA & YORK 245 PARK LAND COMPANY, et al., Appellants. [718 NYS2d 42] —Orders, Supreme Court, New York County (Louis York, J.), entered November 19, 1999 and December 27, 1999, which denied defendants' motion and cross-motion for summary judgment, unanimously reversed, on the law, without costs, motion and cross-motion for summary judgment granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

Arriving at the building in which he was employed, plaintiff slipped and fell en route to the elevator. Although he could not remember whether he saw water on the floor where he fell, plaintiff inferred his fall was caused by water on the floor since it had rained for an hour that morning, he could see footprints on the floor and his clothing and hand were wet after his fall. Plaintiff also testified that mats are usually put down when it rains but that there were not mats on the day he fell, nor were there signs indicating the floor was wet. The IAS Court found plaintiff's testimony sufficient to create disputed issues of fact requiring denial of summary judgment on the alternative grounds that defendants had constructive notice of the condition or that the condition was recurring. However, plaintiff's testimony supports neither theory and this action should have been dismissed.

Even were we to assume that water was visible, despite plaintiff's inability to recall seeing water, there is no evidence

from which a jury could reasonably conclude that such condition existed for a sufficient period of time to allow defendants to have discovered and remedied it (*O'Rourke v Williamson, Picket, Gross*, 260 AD2d 260, 261). It is, for example, quite possible that any water on the floor had been tracked into the building by individuals immediately preceding plaintiff. Defendants had no obligation to provide a constant remedy for such a problem (*see, Kovelsky v City Univ.*, 221 AD2d 234; *Hussein v New York City Tr. Auth.*, 266 AD2d 146; *Deegan v 336 E. 50th St. Tenants Corp.*, 216 AD2d 59). Although plaintiff's testimony established that defendants regularly put mats down when it rained, there was no proof that this evidenced a general awareness of a dangerous, recurrent condition and that defendants routinely left such condition unaddressed (*Megally v 440 W. 34th St. Co.*, 246 AD2d 346, 347; *compare, Colt v Great Atl. & Pac. Tea Co.*, 209 AD2d 294). Since plaintiff failed to submit proof that defendants had knowledge or notice of a dangerous condition, summary judgment should have been granted to defendants. Concur—Nardelli, J. P., Tom, Lerner, Buckley and Friedman, JJ.