■ ROSEANNE LOWE, Appellant, v EUGENE R. SPADA et al., Respondents. [722 NYS2d 820] —Carpinello, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered September 28, 2000 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.

Underlying this legal malpractice action is plaintiff's August 17, 1992 slip and fall in a restroom and defendants' failure to timely sue the company responsible for the maintenance and cleaning of that facility. According to plaintiff, after washing her hands at one of the sinks in the bathroom, she "turned around, took one step [en route to get a paper towel] and slipped." Plaintiff then observed an 18 to 20-inch puddle of water on the floor.

Defendants moved for summary judgment arguing, *inter alia*, that plaintiff would not have prevailed in an action against the maintenance company because she could not have proven that it created a dangerous condition or had notice of the condition in time to remedy it. In opposition, plaintiff relied upon the theory of a recurrent dangerous condition to establish notice in this matter, that is, plaintiff claimed that, but for defendants' malpractice, she would have been able to prove in the underlying action that the maintenance company did have notice of a recurring hazardous water puddle in the precise area where she slipped.

In support of this theory, plaintiff relied upon the deposition testimony and an affidavit of a supervisor employed by the maintenance company. According to this supervisor, the wall-mounted paper towel dispenser located in the bathroom where plaintiff slipped was several feet from the bank of sinks, thus requiring users to walk that distance across the floor to dry their hands. This, in turn, resulted in the pooling of water on the floor near the sinks. According to the supervisor, the water pooling problem was chronic and recurring (i.e., during the one-year period prior to plaintiff's accident she had "received numerous, regular and daily complaints regarding water puddles on the floor" in front of the sinks, particularly during high usage times).[1] Moreover, although the supervisor knew that these puddles of water needed to be regularly mopped

1. High usage times included the regularly-scheduled morning and afternoon breaks of the employees in the building. Plaintiff's accident occurred at 10:00 A.M.

each day, she candidly acknowledged that there was often a delay in addressing the problem due to staffing shortages.

Relying on the First Department decision of *O'Rourke v Williamson, Picket, Gross* (260 AD2d 260) as the "current state of the law" on the issue of recurring dangerous conditions, Supreme Court granted defendants summary judgment, specifically finding that plaintiff would have been unable to prevail in a negligence action against the maintenance company because there was no evidence in the record that the puddle of water was on the floor before she entered the bathroom.[2] We disagree with the court's legal analysis and, accordingly, reverse.

In *O'Rourke*, the First Department stated, without any supporting legal authority, that liability cannot be "predicated upon the theory of a recurring dangerously slippery condition routinely left unaddressed *absent any evidence that the floor was actually slippery before [the injured party] walked into the building on the day of the accident*" (*id.*, at 261 [emphasis supplied]). Indeed, it is this underscored language that Supreme Court relied upon in granting summary judgment to defendants. However, the First Department, in cases prior to *O'Rourke*, had never articulated this rule. For example, in *Megally v 440 W. 34th St. Co.* (246 AD2d 346, 347) and *O'Connor Miele v Barhite & Holdinger* (234 AD2d 106, 106-107), that Court recognized that a plaintiff's burden of establishing constructive notice of a particular condition which caused a fall may be met by evidence of an ongoing and reoccurring dangerous condition in the area of the slip and fall which was routinely left unaddressed. Even after its decision in *O'Rourke*, the First Department reiterated, consistent with its holdings in *Megally* and *O'Connor-Miele*, that notice of a dangerous condition can be established by proof of a "general awareness of a dangerous, recurrent condition * * * routinely left * * * unaddressed" (*Keum Choi v Olympia & York Water St. Co.*, 278 AD2d 106, 107).

Even if we were to accept *O'Rourke* as authority for the proposition that plaintiff was required to prove that there was water on the floor *before* she entered the bathroom, this does not

---

**2.** Notably, defendants did not offer evidence that plaintiff herself created the 18 to 20-inch puddle of water. The facts simply establish that she washed her hands, went to get a towel and immediately slipped on water on the floor.

represent the current state of law in *this* Department.[3] For example, in *Padula v Big V Supermarkets* (173 AD2d 1094), which involved allegations that the owner of a grocery store was aware of an ongoing and recurrent unsafe condition in a particular area of the store, this Court held: "As the situation here was a recurrent one in times of inclement winter weather, an inference could be drawn that [the store owner] had actual knowledge of a recurrent dangerous condition and therefore could be charged with constructive notice of each specific reoccurrence of the condition [citation omitted]" (*id.*, at 1096).[4] In *Kivlan v Dake Bros.* (255 AD2d 782), which also involved allegations that a store owner was aware of an ongoing and recurring unsafe condition, this Court similarly held: "When a property owner has 'actual knowledge of the tendency of a particular dangerous condition to reoccur, [that owner] is charged with constructive notice of each specific recurrence of that condition' " (*id.*, at 783, quoting *Columbo v James River, II, Inc.*, 197 AD2d 760, 761). Of note, the Second and Fourth Departments have similarly applied this rule (*see, Hammer v KMart Corp.*, 267 AD2d 1100, *lv denied* 95 NY2d 757; *Loguidice v Fiorito*, 254 AD2d 714; *Migli v Davenport*, 249 AD2d 932; *Camizzi v Tops, Inc.*, 244 AD2d 1002; *Chin v Harp Mktg.*, 232 AD2d 601; *Weisenthal v Pickman*, 153 AD2d 849).

Thus, under the prevailing authority, plaintiff's evidence in opposition to defendants' motion for summary judgment contained specific and nonconclusory factual references sufficient to raise a question of fact as to whether the maintenance company had actual knowledge of a recurring dangerous condition in the bathroom (i.e., a water puddle in front of the sinks), such that it could be charged with constructive notice of each specific recurrence of such condition, including that which caused plaintiff to slip (*cf., Carlos v New Rochelle Mun. Hous. Auth.*, 262 AD2d 515). Said differently, although plaintiff could not establish precisely when the large puddle had formed, this was not fatal since she did establish that she slipped on a puddle in the precise area of the bathroom where there had been an ongoing and chronic problem with water puddles routinely left unaddressed by the maintenance company, facts which fall squarely within the realm of a recurrent dangerous condition.

---

**3.** In any event, upon our review of the record, plaintiff did sufficiently establish that the large puddle was on the floor before she entered the bathroom (*see*, n 2, *supra*).

**4.** Of note, the First Department has cited our decision in *Padula v Big V Supermarkets* (*supra*) with approval (*see, O'Connor Miele v Barhite & Holdinger, supra*, at 107; *Colt v Great Atl. & Pac. Tea Co.*, 209 AD2d 294, 295).

Mercure, J. P., Peters, Spain and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.