■ DIANE TARRABOCCHIA et al., Respondents, v 245 PARK AVENUE COMPANY et al., Appellants, et al., Defendant. [728 NYS2d 451] —Order, Supreme Court, New York County (Sherry Klein-Heitler, J.), entered on or about October 6, 2000, which denied the cross motion of defendants 245 Park Ave. Company, Olympia & York Realty Corp. and World Financial Properties for summary judgment dismissing the complaint and all cross claims against them, unanimously reversed, on the law, without costs, and the cross motion granted. The Clerk is directed to enter judgment in favor of said defendants dismissing the complaint as against them. In light of the order of the same court and Justice, entered on or about May 8, 2001, granting the reargument motion of defendant ISS International Service System for summary judgment dismissing the complaint and all cross claims against that defendant, which is brought up for review herein (CPLR 5517 [b]), the appeal of said defendant is unanimously dismissed as moot, without costs.

The first-named plaintiff slipped and fell in the lobby of her office building on a wet and snowy February afternoon in 1995. Her fall occurred "a few feet" from the entrance to the lobby newsstand where she was about to make a purchase on her way back from lunch. After falling, she noticed that her hand and shoes were wet with what she believed to be clear and un-muddied water. In traversing the lobby earlier that morning, she noticed that the building staff had put down 12-foot runners from the building entrance to the elevator corridors. Having sustained a serious knee injury as a result of the fall, she brought this action against the owner and its maintenance contractor.

Because this plaintiff was unable to demonstrate either actual or constructive notice to defendants of the condition

complained of, the IAS court erred in denying their motions for summary judgment (*see, Keum Choi v Olympia & York Water St. Co.,* 278 AD2d 106; *Joseph v Chase Manhattan Bank,* 277 AD2d 96; *Cottingham v Hammerson Fifth Ave.,* 259 AD2d 348).

Both before the motion court and now on appeal, plaintiffs have invoked a Federal decision from the Northern District of New York (*DeVeau v United States,* 833 F Supp 139) holding that liability in a lobby slip-and-fall claim could attach to a building owner based upon allegedly negligent placement of matting and warning signs alone. Here the injured plaintiff, supported by an expert who never inspected the site but relied instead on a floor plan of the lobby, claims that a three-inch space between the side of the safety matting and the entrance to the newsstand raised a triable issue under the *DeVeau* formulation. Suffice it to say this Federal case has never been cited by any State court in New York. Our established precedents are to the contrary (*O'Rourke v Williamson, Picket, Gross,* 260 AD2d 260; *Crawford v MRI Broadway Rental,* 254 AD2d 68). Concur—Williams, J. P., Tom, Wallach, Buckley and Friedman, JJ.