■ GWENDOLYN WALLACE, Appellant, v DORAL TUSCANY HOTEL, Respondent. [755 NYS2d 381] —Order, Supreme Court, New York County (Paula Omansky, J.), entered December 11, 2001, which, in an action for personal injuries sustained in a slip and fall on defendant hotel's premises, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The complaint was properly dismissed for lack of evidence that the water allegedly present in the hotel stairwell between the 7th and 8th floors where plaintiff slipped and fell was "visible and apparent and [in existence] for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natu-*

*ral History*, 67 NY2d 836, 837), or that defendant otherwise had notice of this water. "The fact that it had been raining for [some time] prior to the accident does not, without more, permit an inference of constructive notice." (*O'Rourke v Williamson, Picket, Gross*, 260 AD2d 260, 261; *Joseph v Chase Manhattan Bank*, 277 AD2d 96.) Nor are any issues of fact as to notice raised by the affidavit of plaintiff's witness, which does not indicate the time he observed slippery conditions on the stairwell. Finally, the absence of mats in the lobby (*see Keum Choi v Olympia & York Water St. Co.*, 278 AD2d 106), or defendants' guests' use of the stairs because the elevators were out of order (*cf. Kovelsky v City Univ.*, 221 AD2d 234), also do not raise issues of fact as to notice. We have considered plaintiff's other arguments and find them unavailing. Concur—Andrias, J.P., Sullivan, Rosenberger, Friedman and Gonzalez, JJ.