■ HERBERT WEISS et al., Respondents, v GERARD OWNERS CORP. et al., Appellants. [803 NYS2d 51]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered May 17, 2005, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff alleges that he slipped and fell on a wet floor as he entered defendant's building through a corridor leading from the service entrance to an interior door. Although it was raining at the time of the incident (8:30 A.M.), and allegedly had been raining, on and off, for some time before, the building's porter gave uncontroverted testimony that the floor of the corridor in question had been dry at about 7:30 A.M. Since the record provides no nonspeculative basis to determine whether, and for how long, the water was on the floor before plaintiff walked in, or, alternatively, whether plaintiff himself tracked in the moisture on which he slipped, plaintiff has failed to raise a triable issue of fact as to whether defendants created the condition or had actual or constructive notice of it (*see O'Rourke v Williamson, Picket, Gross*, 260 AD2d 260, 261 [1999]). That it had been raining prior to the incident does not, without more, permit an inference of constructive notice (*see Wallace v Doral Tuscany Hotel*, 302 AD2d 255, 256 [2003], citing *O'Rourke*, 260 AD2d at 261). Further, defendants' alleged failure to place matting in the corridor provides no basis for imposing liability on them in the absence of evidence that they created or had actual or constructive notice of the water accumulation (*see Tarraboc-*

*chia v 245 Park Ave. Co.*, 285 AD2d 388, 389 [2001], citing *O'Rourke*, 260 AD2d 260 [1999] and *Crawford v MRI Broadway Rental*, 254 AD2d 68 [1998]). Finally, to the extent plaintiff's affidavit attempts to attribute the accident in part to inadequate lighting, such assertions contradict his deposition testimony that he could see the floor "if he wanted to" immediately before he slipped, and therefore are to be disregarded as merely feigning an issue of fact (*see Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320 [2000]). Accordingly, defendants are entitled to summary judgment. Concur—Friedman, J.P., Marlow, Gonzalez and Catterson, JJ.