■ STELLA ASANTE et al., Respondents, v JPMORGAN CHASE & Co. et al., Respondents-Appellants, and UNITED BUILDING MAINTENANCE, Appellant-Respondent. [940 NYS2d 44]—

Order, Supreme Court, Bronx County (Stanley B. Green, J.), entered May 13, 2011, which, insofar as appealed from as limited by the briefs, granted defendants JPMorgan Chase & Co.'s (JPMorgan) and Trustees of Columbia University's (Columbia) motion for summary judgment only to the extent that they would be entitled to contractual indemnification by defendant United Building Maintenance (UBM) if held liable to plaintiffs, denied the motion insofar as it sought summary judgment dismissing the complaint and all cross claims against them, and denied their motion to strike plaintiffs' supplemental/amended bill of particulars, and denied UBM's motion for summary judgment dismissing the complaint and all cross claims against it, unanimously reversed, on the law, without costs, defendants' motions for summary judgment dismissing the complaint and all cross claims against them granted, and defendants' remaining motions denied as academic. The Clerk is directed to enter judgment dismissing the complaint and all cross claims as against all defendants, without costs.

The complaint should have been dismissed due to the lack of evidence as to how long the water had been on the floor of the ATM lobby on which plaintiff Stella Asante allegedly slipped and fell (*see Keum Choi v Olympia & York Water St. Co.*, 278 AD2d 106 [2000]). Tenant JPMorgan's general awareness that the floor might become wet after inclement weather did not permit an inference of constructive notice (*see O'Rourke v Williamson, Picket, Gross*, 260 AD2d 260 [1999]). Further, JPMorgan cannot be held liable for the failure to remove all snow from the adjacent sidewalks (*see Joseph v Pitkin Carpet, Inc.*, 44 AD3d 462, 463 [2007]). The same analysis applies to owner Columbia and cleaning contractor UBM.

Columbia was entitled to summary judgment on the ad-

ditional ground that the undisputed evidence showed that it was an out-of-possession landlord (*see Ross v Betty G. Reader Revocable Trust*, 86 AD3d 419, 420 [2011]).

UBM was entitled to summary judgment on the additional ground that no triable issue of fact exists as to whether UBM owed a duty of care to third parties on the subject premises. UBM did not entirely displace JPMorgan's duty to maintain the premises in safe condition (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]; *Timmins v Tishman Constr. Corp.*, 9 AD3d 62, 67-68 [2004], *lv dismissed* 4 NY3d 739 [2004]). Concur— Tom, J.P., Friedman, DeGrasse and Román, JJ.