Order, Supreme Court, New York County (Joan M. Kenney, J.), entered January 18, 2017, which, to the extent appealed from, denied defendant Roza 14W LLC’s motion for summary judgment dismissing the complaint as to it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against Roza 14W LLC.
 

 Plaintiff Frank Kelly was allegedly injured when he slipped and fell on water on the marble floor in the lobby of Roza 14W’s building. It was snowing lightly at the time of the accident and the floor had mats in various locations, but not in the area where plaintiff slipped.
 

 Roza 14W made a prima facie showing that a reasonable cleaning routine was followed on the day of the accident (see Baumann v Dawn Liqs., Inc., 148 AD3d 535, 537 [1st Dept 2017]; Rosario v Prana Nine Props., LLC, 143 AD3d 409 [1st Dept 2016]; Pomahac v TrizecHahn 1065 Ave. of Ams., LLC, 65 AD3d 462, 464 [1st Dept 2009]). Roza 14W submitted evidence that, in addition to the mats, wet floor warning signs were placed in the lobby, two porters were assigned to walk around the lobby to dry mop wet areas, and the area where plaintiff fell was found to be clean and dry 10 minutes before the fall.
 

 Plaintiffs failed to submit evidence sufficient to raise a triable issue of fact. Roza 14W was not obligated to either continuously mop up moisture tracked onto its floors (see Thomas v Boston Props., 76 AD3d 460, 461 [1st Dept 2010]) or to cover the entire floor with mats (see Toner v National R.R. Passenger Corp., 71 AD3d 454 [1st Dept 2010]). In addition, the affidavit of plaintiffs’ expert failed to cite any violation of an accepted industry practice, standard, code, or regulation (see Jones v City of New York, 32 AD3d 706, 707 [1st Dept 2006]).
 

 We have considered plaintiffs’ remaining arguments and find them unavailing.
 

 Concur — Friedman, J.P., Richter, Moskowitz and Gesmer, JJ.