Diaz-Martinez v King of Glory Tabernacle (2019 NY Slip Op 02263)





Diaz-Martinez v King of Glory Tabernacle


2019 NY Slip Op 02263


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Friedman, J.P., Kapnick, Gesmer, Oing, Moulton, JJ.


8144 304739/14

[*1]Reyna Diaz-Martinez, Plaintiff-Appellant,
v
King of Glory Tabernacle, Defendant-Respondent.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for appellant.
Molod Spitz & DeSantis, P.C., New York (Salvatore J. DeSantis of counsel), for respondent.



Order, Supreme Court, Bronx County (Kenneth L. Thompson Jr., J.), entered on or about June 21, 2017, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Summary judgment was properly granted in favor of defendant, in this action where plaintiff was injured when, while picking up her son from defendant's after-school program, she allegedly slipped and fell on water at the bottom of a staircase. Defendant submitted evidence showing that it did not have notice of the condition, as two of its employees testified that no water or liquids were present on the stairs or in the vicinity at the time of or before plaintiff's fall (see Gordon v American Museum of Natural History, 67 NY2d 836 [1986]; see also Garcia v Delgado Travel Agency, 4 AD3d 204 [1st Dept 2004]). There is no dispute that it had been raining earlier in the day, and that defendant had placed wet floor warning signs at the top and the bottom of the stairs and a mat on the top floor in front of the main entrance. There is also no dispute that the mat and warning signs "were put out as a safety precaution and not in response to complaints regarding the condition of the floor where plaintiff fell" (Snauffer v 1177 Ave. of the Ams. LP, 78 AD3d 583, 583 [1st Dept 2010]). The defendant's "general awareness that the floor might become wet after inclement weather d[oes] not permit an inference of constructive notice" (Asante v JPMorgan Chase & Co., 93 AD3d 429, 429 [1st Dept 2012] lv denied 19 NY3d 813 [2012], cert denied 571 US 942 [2013]; see also Rodriguez v 520 Audubon Assoc., 71 AD3d 417 [1st Dept 2010]).
In opposition, plaintiff did not refute defendant's showing or otherwise raise a triable issue of fact (see Philips v Bronx Lebanon Hosp., 268 AD2d 318, 319-320 [1st Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK