Odiorne v Jascor, Inc. (2019 NY Slip Op 06305)





Odiorne v Jascor, Inc.


2019 NY Slip Op 06305


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


616 CA 18-01520

[*1]GLORIA ODIORNE AND DAVID ODIORNE, PLAINTIFFS-APPELLANTS,
v
JASCOR, INC., DEFENDANT-RESPONDENT. 






BOTTAR LEONE, PLLC, SYRACUSE, D.J. & J.A. CIRANDO, PLLC (JOHN A. CIRANDO OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
GOLDBERG SEGALLA LLP, SYRACUSE (HEATHER ZIMMERMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Seneca County (Daniel J. Doyle, J.), entered June 7, 2018. The order granted the motion of defendant for summary judgment, dismissed the complaint and denied the cross motion of plaintiffs to strike defendant's answer. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking to recover damages for injuries that Gloria Odiorne (plaintiff) sustained when she allegedly slipped and fell on a wet condition on the recently-mopped floor in a restaurant owned and maintained by defendant. Plaintiffs appeal from an order that granted defendant's motion for summary judgment dismissing the complaint, and denied plaintiffs' cross motion to strike the answer for failure to provide certain discovery. We affirm.
Initially, we reject plaintiffs' contention that Supreme Court erred in denying their cross motion to strike the answer pursuant to CPLR 3126 based on defendant's alleged failure to provide certain discovery. We conclude that the court properly denied the cross motion because plaintiffs did not file a motion to compel discovery pursuant to CPLR 3124 (see J.N.K. Mach. Corp. v TBW, LTD., 155 AD3d 1611, 1614 [4th Dept 2017]).
We further conclude that the court properly granted defendant's summary judgment motion. Defendant satisfied its initial burden of establishing that it maintained the premises in a reasonably safe condition (see Roros v Oliva, 54 AD3d 398, 399 [2d Dept 2008]; see generally Leone v County of Monroe, 284 AD2d 975, 975 [4th Dept 2001]). The evidence submitted in support of the motion established that defendant's employee was following "a reasonable cleaning routine" in mopping a floor that had been strewn with rock salt (Kelly v Roza 14W LLC, 153 AD3d 1187, 1188 [1st Dept 2017]). Plaintiffs' contention that defendant failed to meet its initial burden because the employee used the wrong mop and created an excessively slippery condition—i.e., like "greased glass"—is entirely speculative and not based on any evidence in the record (see Brandefine v National Cleaning Contr., 265 AD2d 441, 442 [2d Dept 1999]). We further conclude that plaintiffs' submissions did not raise an issue of fact in opposition on the issue whether the premises were maintained in a reasonably safe condition. Although, generally speaking, whether a condition is dangerous is a question for the fact-finder, "summary judgment in favor of a defendant is appropriate where[, as here,] a plaintiff fails to submit any evidence that a particular condition is actually defective or dangerous" (Langgood v Carrols, LLC, 148 AD3d 1734, 1735 [4th Dept 2017] [emphasis added]).
In addition, we conclude that defendant also satisfied its burden of establishing that it provided plaintiff with adequate warning of a potentially dangerous slippery condition. The [*2]unrefuted evidence showed that plaintiff was aware that the area of the floor where she fell was wet and potentially slippery because she admitted in her deposition testimony that she saw the employee mopping the area, as well as the wet floor sign that he had set up in the area (see McMullin v Martin's Food of S. Burlington, Inc., 122 AD3d 1103, 1105 [3d Dept 2014]). Thus, defendant made a prima facie case by submitting evidence that "plaintiff acknowledged that prior to her fall, she observed [the mopping and the wet floor sign], which led her to suspect that the [floor] was wet, but she proceeded to [traverse the area] in any event" (Brown v New York Marriot Marquis Hotel, 95 AD3d 585, 586 [1st Dept 2012]). We conclude that, in opposition, plaintiffs failed to raise an issue of fact with respect to whether defendant provided adequate warning of the allegedly slippery condition.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court