DeCongelio v Metro Fund, LLC (2020 NY Slip Op 02865)





DeCongelio v Metro Fund, LLC


2020 NY Slip Op 02865


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Richter, J.P., Oing, Singh, Moulton, JJ.


11501 158851/14

[*1] Dorothy DeCongelio, Plaintiff-Appellant,
v
Metro Fund, LLC, etc., et al., Defendants-Respondents, 1177 Avenue of the Americas, L.P., Defendant.


Pillinger Miller Tarallo, LLP, Elmsford (Patrice M. Coleman of counsel), for appellant.
Harrington, Ocko & Monk, LLP, White Plains (Matthew Bremner of counsel), for Metro Fund, LLC, Silverstein Properties, Inc., California State Teachers' Retirement System, 1177 Avenue of the Americas Acquisition, LLC, 1177 Avenue of the Americas Holdings, LLC, and Silverstein Metro Fund, LLC, respondents.
McGiff Halverson Dooley LLP, Patchogue (Daniel J. O'Connell of counsel), for ABM Janitorial Services-Northeast, respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered February 25, 2019, which granted defendants-respondents' motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Defendants made a prima facie showing that they took reasonable measures to prevent a slippery condition from developing due to moisture tracked into their building on the snowy and rainy day of plaintiff's slip and fall in the lobby (see O'Sullivan v 7-Eleven, Inc., 151 AD3d 658 [1st Dept 2017]; see also Kelly v Roza 14W LLC, 153 AD3d 1187, 1188 [1st Dept 2017]). They submitted evidence that the entire lobby floor between two entrances and the security gates was covered by 80 to 100 feet of thick mats to absorb wetness tracked in by pedestrian traffic, that plaintiff did not observe water on the floor between the security gates and the elevators when she entered the building, that the on-site manager inspected the entire lobby and elevator bank about an hour before plaintiff slipped and did not observe a wet and slippery condition, and that porters in the lobby were assigned to inspect the lobby regularly and mop up water from the floor.
Plaintiff failed to raise an issue of fact as to whether defendants had constructive notice of a dangerously wet floor, since she submitted no evidence of how long the condition had existed before she slipped (see Garcia v Delgado Travel Agency, 4 AD3d 204, 204 [1st Dept 2004]). The affidavit by defendant ABM Janitorial Services' former employee, to the extent it may properly be considered (see Ravagnan v One Ninety Realty Co., 64 AD3d 481, 482 [1st Dept 2009]), fails to demonstrate that defendants routinely left unaddressed an ongoing and recurring dangerous condition in the area of the accident (see Irizarry v 15 Mosholu Four, LLC, 24 AD3d 373, 373 [1st Dept 2005]). The affidavit by plaintiff's proffered expert only described general conditions on rainy days in other areas of the lobby, did not mention the date of plaintiff's accident, and otherwise corroborated defendants' evidence that they followed a "reasonable cleaning routine" on days when the weather was inclement (Kelly, 153 AD3d at 1188). "[A] general awareness' that a dangerous condition may be present is legally insufficient to constitute notice of the particular condition that caused plaintiff's fall" (Piacquadio v Recine Realty Corp., 84 NY2d 967, 969 [1994]; see also Keum Choi v Olympia & York Water St. Co., 278 AD2d 106, 107 [1st Dept 2000]).
Plaintiff's expert affidvit failed to raise an issue of fact because it is speculative; the [*2]expert never examined the lobby floor but only reviewed photographs and testimony, "from which it would be impossible to conclude how slippery the floor was" (Kalish v HEI Hospitality, LLC, 114 AD3d 444, 446 [1st Dept 2014]; see also Tarrabocchia v 245 Park Ave. Co., 285 AD2d 388, 389 [1st Dept 2001]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK