| **Passarelli v Board of Mgrs. of Bridge Tower Place** |
|:---:|
| 2024 NY Slip Op 33606(U) |
| October 11, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151651/2021 |
| Judge: Lisa S. Headley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: HON. LISA S. HEADLEY | PART 28M |
| _Justice_ | |

---------------------------------------------------------------------------X

DEANNA PASSARELLI, RICK PASSARELLI,

                           Plaintiff,

                  - v -

THE BOARD OF MANAGERS OF BRIDGE TOWER PLACE
CONDOMINIUM, BRIDGE TOWER PLACE
CONDOMINIUM, ROSE-TERRA MANAGEMENT,
LLC,ROSE ASSOCIATES, INC.,

                           Defendant.

---------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151651/2021 |
| MOTION DATE | 02/20/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79

were read on this motion to/for                 JUDGMENT - SUMMARY        .

## Background

On February 7, 2021, the plaintiffs, Deanna Passarelli and Rick Passarelli ("plaintiffs"), commenced this action against the defendants, the Board of Managers of Bridge Tower Place Condominium, Bridge Tower Place Condominium, the Brodsky Organization, Rose-Terra Management, LLC, and Rose Associates, Inc ("defendants"), who owned the property located at 401 East 60th Street, New York, NY 10022 ("subject premises"). On May 21, 2021, the action was discontinued against defendants, Gazit Horizons (Bridge Tower), LLC and The Brodsky Organization.

In the Complaint, the plaintiffs assert the first cause of action for negligence, and the second cause of action for loss of consortium. Plaintiff, Deanna Passarelli alleges that on January 8, 2019, while walking outside of her residence on a public sidewalk on 60th Street and 1st Avenue, her foot got caught on a gap and elevated sidewalk, causing her to trip and fall on the broken and uneven sidewalk. As a result, she alleges she sustained severe personal injuries, including a fractured pelvis, hamstring tear, and tendinitis on her right hip. Plaintiff alleges she suffered physical pain, mental anguish, and emotional distress after the incident. Plaintiff, Rick Passarelli, is married to Deanna Passarelli, and has derivative claims for loss of services, earnings, consortium, and society of Deanna Passarelli.

Before the Court is the plaintiffs' motion for summary judgment, pursuant to _CPLR § 3212_, on the issue of liability against defendant, the Board of Managers of Bridge Tower Place

**151651/2021   PASSARELLI, DEANNA vs. BOARD OF MANAGERS OF**           **Page 1 of 5**
**Motion No.  002**

1 of 5

Condominium ("Board of Managers"), and to dismiss all affirmative defenses regarding comparative negligence, and to set this matter down for a trial on the issue of damages.

The defendants, Board of Managers, Bridge Tower Place Condominium, Rose-Terra Management, LLC and Rose Associates, Inc., filed a cross-motion for an Order, pursuant to *CPLR §3126*, to preclude plaintiffs from offering at trial any photographs of the alleged accident location for the plaintiffs' failure to timely produce such photographs and misrepresenting that plaintiffs have disclosed all photographs in their possession.

Discussion

"[T]he proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such *prima facie* showing requires denial of the motion, regardless of the sufficiency of the opposing papers." *Alvarez v. Prospect Hosp.,* 68 N.Y.2d 320, 324 (1986). ). Under *CPLR §3212*, "[o]n a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party. *CPLR §3212.* Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact and then only if, upon the moving party's meeting of this burden, the non-moving party fails to establish the existence of material issues of fact which require a trial of the action." *Vega v. Restani Constr. Corp.,* 18 N.Y.3d 499, 503 (2012) [internal citations and quotation marks omitted].

In support of the motion, plaintiffs submit, *inter alia*, the plaintiffs' Examination Before Trial ("EBT") transcripts (*NYSCEF Doc No. 50, 53*), the EBT transcript of Jaime Munoz, the affidavits of John Afrides (*NYSCEF Doc No. 52*) and Jimmy A. Munoz (*NYSCEF Doc No. 55*), the affirmation of Scott Silberman, of SMS Engineering, P.C. (*NYSCEF Doc No. 57*), and photographs of the alleged accident area taken by Jimmy A. Munoz (*NYSCEF Doc. No. 55*) and photographs taken by John Afrides (*NYSCEF Doc No. 52*).

In the motion for summary judgment, the plaintiffs argue that the Board of Managers failed to render the sidewalk condition to be reasonably safe and to warn of the condition. Specifically, the plaintiffs claim that Deanna Passarelli fell due to a raised condition that was 1-5/8" high, and such condition violates the New York City Administrative Code, and guidelines for sidewalk safety. The plaintiffs also claim that the defendants had at least two and half years to repair the condition and failed to do so rendering them negligent as a matter of law. Plaintiffs cite to *Administrative Code § 7-210*, which states that the owner of the property abutting the sidewalk has a non-delegable duty to maintain it in a reasonably safe condition. *Administrative Code § 7-210.*

Plaintiffs submit the affidavit of John Afrides, the president of John Afrides Photography, Inc., as an expert in the field of legal evidence photography and videography. Mr. Afrides attests that he photographed the area, where plaintiff Rick Passarelli identified to be the location of Deanna Passarelli's slip and fall at 401 East 60th Street, New York, New York. Mr. Afrides attests that he took the photographs and measurements of the subject area on February 22, 2019 and annexed 1) a photograph of the general overall view of the accident area looking in a northerly direction and towards the entrance of the subject premises; 2) a photograph of the general overall

**151651/2021   PASSARELLI, DEANNA vs. BOARD OF MANAGERS OF**
**Motion No.  002**

Page 2 of 5

2 of 5

view of the accident area looking in a easterly direction towards the intersection of First Avenue and East 60th Street; and 3) two close up photographs of the sidewalk depicting the vertical grade differential present at the accident location of 5/8 of inch height, and when the ruler was placed within the open expansion joint, the actual vertical grade differential depicted was 1-5/8" high. Mr. Afrides attests that the exposed vertical face was visibly rough and jagged in texture, and the photographs and the measurements were a fair and accurate depiction of the uneven sidewalk conditions on the date of his inspection. (*See, NYSCEF Doc No. 52*).

Plaintiffs submit the affidavit of Jimmy A. Munoz, who was working as a doorman for the subject premises, who attests that he observed the subject incident. Mr. Munoz attests that on January 8, 2019, he saw plaintiff Deanna Passarelli exit the building from the lobby with her dog, and watched Mrs. Passarelli walk out front, and as she walked on the sidewalk, and still in front of the building, he saw her foot trip on a raised section of sidewalk pavement, and she fell down hard to the ground. Then, he assisted Ms. Passarelli back into 401 E. 60th Street, and she continued into her residence. Annexed to his affidavit, Mr. Munoz initialed 6 photographs from in front of 401 E. 60th Street that face west allegedly depicting the raised section of sidewalk where Mrs. Passarelli tripped and fell. (*See, NYSCEF Doc No. 55*).

Defendants filed opposition to the plaintiffs' motion for summary judgment, and a cross-motion for an Order, pursuant to *CPLR §3126*, to preclude the plaintiffs from offering at trial any photographs of the location of the alleged accident. In opposition, defendants argue that the plaintiffs' motion presents more factual questions that would require a trial to resolve, including issues as to plaintiff Deanna Passarelli's deposition testimony regarding her comparative negligence. Defendants argue that plaintiff Deanna Passarelli, in her deposition, acknowledged that she did not remember the mechanics of her fall or what caused her to fall. To the contrary, plaintiffs' counsel argue she was looking straight ahead and was not visually impaired. Defendants also argue that the plaintiffs' submission, to the extent they are admissible, does not establish exactly how the plaintiff was caused to fall. Defendants also argue that plaintiff Rick Passarelli's deposition testimony stated that his wife fell in a sunken area of the sidewalk, however the plaintiff is now claiming that the condition is not sunken. (*See, NYSCEF Doc. No. 66*).

As to the photographs, the defendants argue there is a question of fact as to whether there was a "mislevel" and whether Plaintiff tripped over that "mislevel," as she acknowledged during her deposition that she did not remember the mechanics of her fall or what caused her to fall. Defendants argue that the expert opinion of the plaintiff's engineer expert, Scott Silberman, and the Google Maps photographs he relied on to form his opinion should be rejected by this Court because his opinion lacks probative value and creates a question of fact because Mr. Silberman has never visited the accident location, and the Google Maps photographs he relies on does not clearly show a mislevel.

Here, this Court finds that the plaintiffs' motion for summary judgment presents issues of fact, including but not limited to, the mechanics of plaintiff Deanna Passarelli's fall or what caused her to fall, and the authenticity of the photographs depicting the area where the subject incident occurred. Further, the expert opinion of the engineer, Scott Silberman, lacks probative value given

**151651/2021   PASSARELLI, DEANNA vs. BOARD OF MANAGERS OF**                    **Page 3 of 5**
**Motion No.  002**

3 of 5

that he did not visit the site of the incident. *See, DeCongelio v. Metro Fund, LLC*, 183 A.D.3d 449 (1st Dep't 2020). Despite, the plaintiff's arguments in reply, that the expert could not have visited the scene because it was since repaired, there is still a question of fact as to the authenticity of the photographs depicting the area of the subject incident, including the measurements taken. Therefore, Mr. Silberman's opinions regarding the condition of the accident scene must be ignored. Accordingly, the plaintiffs' motion for summary judgment as to the defendant Board of Managers' liability is denied.

In the cross-motion, the defendants seek to preclude plaintiffs from using any photographs of the accident location at trial because plaintiffs produced, for the first time with their motion, photographs that were apparently taken more than four years ago. Defendants argue, *inter alia*, that the plaintiffs failed to timely produce such photographs, and misrepresented that they had disclosed all photographs in their possession. Defendants also argue that plaintiffs' counsel's conduct is improper and prejudices the defendants because they were not afforded the opportunity to depose the photographer. Defendants argue that the photos with "the measurements are clearly skewed because the two sidewalk flags in the photo are slightly inclined toward one another…because of tree roots from the city tree-well in the background of the photo." (*See, NYSCEF Doc. No. 66*). Ultimately, the defendants contend that the plaintiffs never disclosed these photographs or the identity of the photographer, and thus, the defendants were not afforded the opportunity to depose the photographer as they would have if plaintiffs timely disclosed this material as required by law and this Court's prior orders.

In opposition, plaintiff argues that defendants' counsel has known about the photographer for almost two years. Plaintiffs submit that at Deanna Passarelli's deposition on June 6, 2022, counsel stated that photographs appeared to have been taken by a photographer on February 22, 2019, about five and a half weeks or so after the incident. (*See, Exhibit A to plaintiffs' motion, page, page 56; NYSCEF Doc. No. 50*). In addition, on January 30, 2013, plaintiff Rick Passarelli testified about the photographer and counsel advised that he was hired by private counsel (Exhibit D to plaintiffs' motion, page 27; *NYSCEF Doc. No. 50* ). Plaintiffs argue, in the alternative that, if the disclosure of the ruler photographs is deemed late, it should be noted that defendants have not been prejudiced, because defendants owned the premises abutting the sidewalk where the plaintiff fell and had the unfettered ability to measure their own sidewalk after plaintiff fell before, they repaired it.

"It is within the motion court's discretion to refuse to consider evidence that was not disclosed during discovery when determining a motion for summary judgment, especially where '[n]o explanation was offered for this failure to comply with disclosure obligations'." *Powers v. Plaza Tower, LLC*, 63 Misc. 3d 1211(A) (Sup Ct 2019), aff'd, 173 A.D.3d 446 (1st Dep't 2019) [internal citations omitted]. Here, there is no dispute that the photographs of the alleged accident area taken by Jimmy A. Munoz on February 22, 2019 (*NYSCEF Doc. No. 55*) and photographs taken by John Afrides on March 9, 2019 (*NYSCEF Doc No. 52*) are prejudicial to the defendants as they were not previously exchanged during discovery. Although, the plaintiffs argue that the defendants were aware of said photographs at plaintiff's deposition, that does not obfuscate the

**151651/2021   PASSARELLI, DEANNA vs. BOARD OF MANAGERS OF**
**Motion No.  002**

**Page 4 of 5**

fact that the photographs and the identity of the photographers were not exchanged during discovery. Moreover, the plaintiffs offer no explanation for failure to comply with the disclosure requirements.

Accordingly, it is hereby

**ORDERED**, that the motion of plaintiffs, Deanna Passarelli and Rick Passarelli, for an Order pursuant to *CPLR § 3212* for summary judgment on the issue of liability against defendant, the Board of Managers of Bridge Tower Place Condominium, and to dismiss all affirmative defenses regarding comparative negligence is DENIED; and it is further

**ORDERED**, defendants' cross-motion for an Order to preclude plaintiffs from using any photographs of the accident location at trial because plaintiffs produced, same for the first time with their motion, is GRANTED, to the extent that the plaintiffs are hereby precluded from offering such photographs into evidence; and it is further

**ORDERED** that any requested relief sought not expressly addressed herein has nonetheless been considered.

This constitutes the Decision and Order of this Court.

_____
**10/11/2024**
**DATE**

LISA S. HEADLEY, J.S.C.

| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | ☐ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☒ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**151651/2021   PASSARELLI, DEANNA vs. BOARD OF MANAGERS OF**
**Motion No.  002**

Page 5 of 5

5 of 5