■ John Plantamura et al., Appellants, v Penske Truck Leasing, Inc., et al., Respondents and Third-Party Plaintiffs-Respondents. Harvard Maintenance, Inc., et al., Third-Party Defendants-Respondents. [668 NYS2d 157] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered December 17, 1996, which, to the extent appealed from, granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, defendants' motion denied and the complaint reinstated.

Plaintiff John Plantamura was injured on November 23, 1992 when he allegedly slipped and fell on an accumulation of grease and other debris on a sidewalk and driveway apron adjacent to the Water Street loading dock of the New York Post Building at 210 South Street. The matter at issue is whether an affidavit submitted by plaintiffs in opposition to defendants' motion for summary judgment was sufficient to establish the existence of a triable issue of fact on the question of constructive notice. We find that it was.

Constructive notice requires that "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natu-*

*ral History*, 67 NY2d 836, 837, citing *Negri v Stop & Shop*, 65 NY2d 625, 626; *Lewis v Metropolitan Transp. Auth.*, 64 NY2d 670, *affg on opn at* 99 AD2d 246, 249).

In support of summary judgment, defendants submitted the deposition testimony of a building manager for defendant New York Post that established that he was unaware of any complaints regarding grease patches or other debris at the site of plaintiff's fall for the nine months prior to his deposition or for the time prior to plaintiff's fall; that upon daily viewings of the accident site at or about the time plaintiff fell, he did not recall seeing a greasy area there at any time; and that while it was the company's practice at the time of plaintiff's fall to place signs to warn people of hazardous conditions on the sidewalks fronting the building, such as oil or grease patches, he did not recall seeing any such signs at the time and place of the accident, although in previous years signs had been placed in the area at least once every year.

The opposing affidavit in question established that during late summer and autumn of 1992, the affiant frequently walked past the Water Street loading dock, and frequently noticed a large patch of grease on the sidewalk and driveway apron in front of it; that the grease patch was at times thick with large tire tracks running through it; that he frequently saw private sanitation trucks and New York Post delivery trucks parked and idling on the driveway apron; and that this grease patch was present for at least three months prior to the date of the fall.

On a motion for summary judgment, it is the burden of the summary judgment proponent to demonstrate, prima facie, that he is entitled to judgment as a matter of law with evidence sufficient to eliminate any material issue of fact; failure to do so requires denial of the motion regardless of the sufficiency of the opposing papers (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). The credibility of the parties "is not an appropriate consideration for the court" (*Cochrane v Owens-Corning Fiberglas Corp.*, 219 AD2d 557, 559). On the other hand, it is the burden of the summary judgment opponent to present admissible evidence showing the existence of a triable issue of fact or a defense warranting denial of summary judgment. Mere conclusions, expressions of hope, allegations or assertions are insufficient to raise a triable issue of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562).

Here, the opposing affidavit raises triable issues of fact on the question of constructive notice. The affidavit, among other

things, sufficiently describes the location of the grease patch, and places it there in the relevant time frame, specifically stating that it had been present at the site for three months prior to plaintiff's accident. Hence, the affidavit conflicts with the building manager's testimony, creating triable issues of fact as to whether the grease patch was present at the site, how long it was present at the site and whether defendants, with reasonable effort, should have been aware of it in sufficient time to have removed it. Concur—Sullivan, J. P., Ellerin, Wallach, Williams and Andrias, JJ.