■ ROSA R. THOMAS, Respondent, v ERNEST HOLZBERG, Appellant. [751 NYS2d 433] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered April 11, 2002, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs and disbursements.

In this legal malpractice action, defendant attorney was retained by plaintiff to pursue an action arising from personal injuries plaintiff sustained on September 27, 1983, when the car she was driving was struck by a motorcycle approaching from the opposite direction. Plaintiff alleges that the underlying negligence action was dismissed because of defendant Holzberg's failure to oppose a motion to dismiss the complaint. Defendant Holzberg moved for summary judgment dismissing the malpractice complaint on the grounds that plaintiff failed to sustain a serious injury within the meaning of Insurance Law § 5102 (d) and that plaintiff cannot establish that the motorcycle driver was liable for the underlying accident.

At the time of the underlying accident, which took place at the intersection of Taylor and East Tremont Avenues in the Bronx, plaintiff was traveling north on East Tremont, about to turn left onto Taylor, and observed a motorcycle "maybe four or five blocks away" proceeding south on East Tremont. When plaintiff was "halfway * * * into Taylor," her car was struck by the motorcycle. At her deposition, in response to a question regarding her distance from the motorcycle when she first observed it, plaintiff testified that "[i]t was a great distance where I had ample time to make my turn into the street."

Defendant is not entitled to summary judgment since he has failed to produce admissible evidence demonstrating that no triable issue of fact exists as to whether plaintiff would have been successful in the underlying negligence action (*see Parker Chapin Flattau & Klimpl v Daelen Corp.*, 59 AD2d 375, 377), i.e., whether plaintiff could demonstrate, inter alia, that she

incurred a serious injury (Insurance Law § 5102 [d]) and that the motorcycle driver's negligence was a proximate cause of the accident (*see Moustaffa v City of New York*, 252 AD2d 472; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). This "failure * * * requires denial of the motion regardless of the sufficiency of the opposing papers." (*Plantamura v Penske Truck Leasing*, 246 AD2d 347, 348; *see also Alvarez v Prospect Hosp.*, *supra*; *Winegrad v New York Univ. Med. Ctr.*, *supra*.)

While defendant contends that plaintiff failed to yield the right of way, in violation of Vehicle and Traffic Law § 1141, and that this violation was the proximate cause of the accident, a failure to yield is not established as a matter of law. Plaintiff's testimony that she observed the motorcycle four or five blocks away prior to turning onto Taylor and that she had "ample time" to make the turn is sufficient to raise an issue of fact as to whether the motorcycle was "so close [to the intersection] as to constitute an immediate hazard." (Vehicle and Traffic Law § 1141; *see Bogorad v Fitzpatrick*, 38 AD2d 923, *affd* 31 NY2d 984.) Similarly, defendant has failed to demonstrate that plaintiff did not, as she claims, sustain a serious injury within the meaning of Insurance Law § 5102 (d) in that she was disabled for at least 90 days of the 180-day period immediately following the accident. Concur—Tom, J.P., Saxe, Sullivan, Rosenberger and Lerner, JJ.