▪ CARMEN GARCIA, Appellant, v DELGADO TRAVEL AGENCY INC., Respondent, et al., Defendant. [771 NYS2d 646]—

Order, Supreme Court, New York County (Edward Lehner, J.), entered December 17, 2002, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Viewing this matter in a light most favorable to plaintiff, there is no evidence that defendants either created the wet condition in the lobby or had notice of a hazard that could have been prevented by the exercise of reasonable care (*Kovelsky v City Univ. of N.Y.*, 221 AD2d 234 [1995]). The fact that it was raining and water was being tracked in does not constitute notice of a dangerous situation (*Joseph v Chase Manhattan Bank*, 277 AD2d 96 [2000]) warranting more than laying floor mats (*see Keum Choi v Olympia & York Water St. Co.*, 278 AD2d 106 [2000]). Indeed, defendants were under no obligation to cover the entire floor with mats and to continuously mop up all tracked-in water (*Kovelsky v City Univ. of N.Y., supra*). There was neither active notice, in the form of complaints received, nor constructive notice of a hazard sufficiently visible as to permit discovery and remedy by defendants (*Yearwood v Cushman & Wakefield*, 294 AD2d 568 [2002]). In the absence of proof as to how long a condition existed, no inference can be drawn that defendants had constructive notice of a dangerously wet floor (*Wallace v Doral Tuscany Hotel*, 302 AD2d 255 [2003]). Concur—Nardelli, J.P., Saxe, Lerner and Marlow, JJ.