■ ALLYN KURTZ, Respondent, v SUPERCUTS, INC. et al., Appellants. [8 NYS3d 60]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered April 14, 2014, which, to the extent appealed from as limited by the briefs, denied the motion of defendant Supercuts, Inc. for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Summary judgment was properly denied in this action where plaintiff alleges that she was injured when she slipped and fell on a slippery substance that was on the floor of defendant's salon. Although defendant's shift manager testified that she inspected the accident location in the moments before plaintiff slipped and fell and observed that it was clean (*see Rodriguez v 705-7 E. 179th St. Hous. Dev. Fund Corp.*, 79 AD3d 518, 519-520 [1st Dept 2010]), the record presents triable issues as to whether defendant created or had constructive notice of the alleged defect. Plaintiff testified that she saw that the floor was "glossy" moments before she walked over the area, and that after she fell, she noticed that the floor had a sticky substance and hair on it, which conflicts with the shift manager's testimony that it was clean moments before the accident (*see Plantamura v Penske Truck Leasing*, 246 AD2d 347, 348-349 [1st Dept 1998]).

Contrary to defendant's contention, plaintiff was not obligated in opposing the motion to identify the substance that caused her fall and "such omission cannot be equated with the failure to identify the cause of her fall" (*Giuffrida v Metro N. Commuter R.R. Co.*, 279 AD2d 403, 404 [1st Dept 2001]). Plaintiff testified at her deposition that she slipped and fell because there was hair and a "non-water-like substance" on the salon's floor. Furthermore, plaintiff's opposing affidavit does not conflict with her deposition testimony. Rather, the affidavit merely amplifies her testimony (*see e.g. Pagan v Metro-*

*politan Transp. Auth.*, 105 AD3d 611 [1st Dept 2013]). Concur—
Acosta, J.P., Saxe, Moskowitz, Richter and Feinman, JJ.