Hartley v Burnside Hous. Dev. Fund Corp. (2022 NY Slip Op 06065)

Hartley v Burnside Hous. Dev. Fund Corp.

2022 NY Slip Op 06065

Decided on October 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 27, 2022

Before: Kapnick, J.P., Friedman, Kennedy, Shulman, Rodriguez, JJ. 

Index No. 33480/18 Appeal No. 16555 Case No. 2022-01569 

[*1]Danette Hartley, Plaintiff-Respondent,
v
Burnside Housing Development Fund Corp., Defendant-Appellant.

Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Matthew G. Corcoran of counsel), for appellant.
Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph III of counsel), for respondent.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered October 19, 2021, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff alleged that she slipped and fell on a wet condition on the first step down from the fifth-floor landing in a building owned and maintained by defendant. She testified that urine and other liquids on the stairs was an ongoing and recurring condition about which she had complained many times to defendant.
The court should have granted defendant summary dismissal of the complaint. Defendant demonstrated prima facie that it did not have actual or constructive notice of the dangerous condition by producing evidence of its maintenance activities on the day of the accident, specifically, that the wet condition did not exist when the stairs were cleaned by the porter less than three hours before plaintiff fell (see Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 421 [1st Dept 2011]), and that there were no complaints about a wet condition on the stairs in the morning prior to her accident (see Rivera v 2160 Realty Co, LLC, 4 NY3d 837, 838-839 [2005]). Defendant was not required to produce a written schedule or log of its cleaning activities; the unrefuted testimony of its porter was sufficient. The porter's testimony also established that there was a reasonable cleaning schedule in place that addressed the alleged ongoing and recurring condition (see DeJesus v New York City Hous. Auth., 53 AD3d 410, 411 [1st Dept 2008], affd 11 NY3d 889 [2008]).
Plaintiff failed to raise an issue of fact concerning who created the wet condition and when (see Rosado v New York City Hous. Auth., 194 AD3d 586, 587 [1st Dept 2021]). Plaintiff presented no evidence that the ongoing and recurring condition was routinely left unaddressed by defendant, nor did she raise a factual issue that defendant's cleaning routine "was manifestly unreasonable so as to require altering it" (Thomas v Sere Hous. Dev. Fund Corp., 175 AD3d 1129, 1129 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2022