Betancourt v ARC NYC123 William, LLC (2024 NY Slip Op 5628)

Betancourt v ARC NYC123 William, LLC

2024 NY Slip Op 5628

Decided on November 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2024

Before: Kern, J.P., Kapnick, Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. 32752/18 Appeal No. 3038 Case No. 2023-05006 

[*1]Alex Betancourt, Plaintiff-Respondent,
v
ARC NYC123 William, LLC, Defendant-Respondent Open Kitchen 123 LLC, Defendant-Appellant.

Farber Brocks & Zane L.L.P., Garden City (Lester Chanin of counsel), for appellant.
Raldiris & Gonzalez PLLC, Middletown (Hiram Anthony Raldiris of counsel), for Alex Betancourt, respondent.

Order, Supreme Court, Bronx County (Andrew Cohen, J.), entered September 8, 2023, which, to the extent appealed from as limited by the briefs, denied defendant Open Kitchen 123, LLC's motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
The court should have granted Open Kitchen summary judgment in this action where plaintiff was injured when he slipped and fell on a wet floor after entering the exterior doors to the premises operated by Open Kitchen during an ongoing rainstorm. Contrary to plaintiff's contention, there is no evidence that Open Kitchen either created the wet condition in the entryway or had notice of a hazard that could have been prevented by the exercise of reasonable care (see Kovelsky v City Univ. of N.Y., 221 AD2d 234, 235 [1st Dept 1995]). Open Kitchen satisfied its duty by employing reasonable remedial measures to address the ongoing rainstorm by laying mats in front of the entrance doors and elsewhere throughout the premises (see Polanco v Newmark & Co. Real Estate, Inc., 172 AD3d 602 [1st Dept 2019]; see also Pomahac v TrizecHahn 1065 Ave. of Ams., LLC, 65 AD3d 462, 464 [1st Dept 2009]). There was no active notice in the form of prior complaints received (see Garcia v Delgado Travel Agency, 4 AD3d 204 [1st Dept 2004]). Nor did the undisputed fact that it was raining at the time of plaintiff's accident, causing water to be tracked into the premises, constitute constructive notice of a dangerous situation requiring Open Kitchen to cover the entire floor with mats or continuously mop the floor (see id.; see also Polanco, 172 AD3d 602; Pomahac, 65 AD3d at 465; Kovelsky, 221 AD2d at 235). Moreover, plaintiff testified that that he only noticed water on the floor after his fall, and thus it cannot be inferred that Open Kitchen had constructive notice of "a hazard sufficiently visible as to permit discovery and remedy" (Garcia, 4 AD3d 204; see also Polanco, 172 AD3d 602). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2024