Hart v 210 W. 77 St. LLC (2024 NY Slip Op 06655)

Hart v 210 W. 77 St. LLC

2024 NY Slip Op 06655

Decided on December 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 31, 2024

Before: Webber, J.P., Moulton, Friedman, Mendez, Shulman, JJ. 

Index No. 160578/21 Appeal No. 3336 Case No. 2023-06148 

[*1]Betsy Hart, Respondent,
v
210 West 77 Street LLC, et al., Defendants, Two Ten West 77 Condominium, Appellant.

Sjoquist Law Offices, New York (Chad E. Sjoquist of counsel), for appellant.
Leav & Steinberg, LLP, New York (Edward A. Steinberg of counsel), for respondent.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered November 20, 2023, which, to the extent appealed from, denied the motion of defendant Two Ten West 77 Condominium (the condominium) for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against the condominium.
Plaintiff alleges that she was injured when she slipped and fell on a wet area on the marble floor in the lobby of her building. At the time of the accident, it had been snowing for most of the day, and building staff had placed mats throughout the lobby, leaving only a small portion of the walkway uncovered.
The condominium established prima facie entitlement to summary judgment by submitting certified weather reports demonstrating that there was an ongoing snowstorm at the time of accident, and that the "storm-in-progress" doctrine therefore applied (see Pipero v New York City Tr. Auth., 69 AD3d 493, 493 [1st Dept 2010]). The condominium demonstrated that it undertook reasonable maintenance measures to address the wet conditions created by tracked-in snow by laying rubber mats throughout the lobby, including an eight-foot runner from the building entrance to the elevator bank, as well as having the doorman and other staff dry mop any wet spots (see Betancourt v ARC NYC123 William, LLC, AD3d , 2024 NY Slip Op 05628 [1st Dept 2024]; Polanco v Newmark & Co. Real Estate, Inc., 172 AD3d 602, 602 [1st Dept 2019]; Pomahac v TrizecHahn 1065 Ave. of Americas, LLC, 65 AD3d 462, 467 [1st Dept 2009]). Although plaintiff's accident took place on a small portion of the floor that was uncarpeted and remained uncovered, a defendant is not required under the "reasonable care" standard to cover all of its floors with mats to prevent someone from falling on moisture (see Kelly v Roza 14W LLC, 153 AD3d 1187, 1188 [1st Dept 2017]; Pomahac, 65 AD3d at 465; see also Polanco, 172 AD3d at 602). In response to the condominium's prima facie showing, plaintiff failed to submit evidence sufficient to raise a triable issue of fact.
The condominium also showed lack of actual notice of the specific wet condition that caused plaintiff to slip. The building's doorman testified that he monitored the condition of the lobby throughout the day and would mop any wet spot, and plaintiff admitted that she did not see any wet condition on the floor when she left the building 15 minutes earlier (see Torres v Bogopa Serv. Corp., 202 AD3d 498, 498 [1st Dept 2022]). Similarly, because the water might have been tracked in by plaintiff or by other residents entering the lobby, there is no basis for a finding of constructive notice (see Polanco, 172 AD3d at 602; Richardson v S.I.K. Assoc., LP, 102 AD3d 554, 554 [1st Dept 2013]). Nor was the condominium's general awareness that the floor might become wet while it was snowing sufficient to establish constructive notice [*2]of the specific condition that caused plaintiff's injury (see Rosario v Bronx Park S. III Assoc., L.P., 90 AD3d 421, 421 [1st Dept 2011]). Plaintiff's opposition did not raise a triable issue of fact regarding notice.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 31, 2024