Schwarzer v Young Men's Christian Assn. of Greater N.Y. (2025 NY Slip Op 01593)

Schwarzer v Young Men's Christian Assn. of Greater N.Y.

2025 NY Slip Op 01593

Decided on March 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 18, 2025

Before: Moulton, J.P., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 156838/18|Appeal No. 3925|Case No. 2024-02931|

[*1]Alexandra Schwarzer, et al., Plaintiffs-Respondents,
v
Young Men's Christian Association of Greater New York, Defendant-Appellant, Armory Place LLC, Defendant.

Miranda Slone Sklarin Verveniotis LLP, Mineola (Andrew B. Kaufman of counsel), for appellant.
Rimland & Ahlers, New York (Glen P. Ahlers of counsel), for respondents.

Order, Supreme Court, New York County (Richard G. Latin, J.), entered May 1, 2024, which denied the motion of defendant Young Men's Christian Association of Greater New York (YMCA) for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
YMCA established its entitlement to judgment as a matter of law in this action where plaintiff slipped and fell on water on the floor of the locker room at a facility owned by YMCA after she finished swimming and had taken a shower. YMCA showed that it did not create or have actual or constructive notice of the wet condition on which plaintiff slipped through the testimony of its property manager and the affidavit of the cleaning person who was on duty in the locker room throughout the day. YMCA's witnesses established that there were no complaints about the water on the locker room floor before the accident (see Perez v River Bronx Apts., Inc., 168 AD3d 465, 465 [1st Dept 2019]). The affidavit of YMCA's locker room attendant established that she inspected the dry area when she started her shift, about two hours before plaintiff's accident, and then walked over that area throughout her shift and observed that it was dry, with no water accumulation or any slickness (see Phillip v Young Men's Christian Assn. of Greater N.Y., 117 AD3d 413, 413-414 [1st Dept 2014]; Warner v Continuum Health Care Partners, Inc., 99 AD3d 636, 637 [1st Dept 2012]). The attendant recalled the specific day because plaintiff called on the day of her accident to report that she fell. YMCA did not need to produce a log of its maintenance or cleaning activities, as the affidavit of the locker room attendant was sufficient (see Hartley v Burnside Hous. Dev. Fund Corp., 209 AD3d 608, 609 [1st Dept 2022]).
Plaintiffs failed to raise an issue of fact. Plaintiff did not know the source of the water or how long it had been on the floor. She also did not complain about the wet condition on the day of the accident. Her testimony that she saw water on the locker room floor on other occasions was insufficient to raise an issue of fact as to whether the alleged condition was an instance of an ongoing and recurrent condition of which YMCA should have been aware and that was routinely left unaddressed (see Guttierez v Lenox Hill Neighborhood House, 4 AD3d 138, 139 [1st Dept 2004]). Moreover, the affidavit of plaintiffs' expert, who never inspected the site and relied on general industry standards, was insufficient to raise an issue of fact (see San Andres v 1254 Sherman Ave. Corp., 94 AD3d 590, 592 [1st Dept 2012]; Azzaro v Super 8 Motels, Inc., 62 AD3d 525, 526 [1st Dept 2009]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2025