Pichardo v George Units LLC (2026 NY Slip Op 01926)

Pichardo v George Units LLC

2026 NY Slip Op 01926

Decided on March 31, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 31, 2026

Before: Moulton, J.P., Kennedy, Mendez, Michael, Chan, JJ. 

Index No. 152229/21|Appeal No. 5388|Case No. 2024-04741|

[*1]Julia Pichardo, Plaintiff-Appellant,
vThe George Units LLC, Defendant-Respondent, Eilat Management Corp., et al., Defendants.

Guerrero & Rosengarten, New York (Kenneth J. Gorman of counsel), for appellant.
Marshall Dennehey, P.C., New York (Allison A. Snyder of counsel), for respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about June 13, 2024, which granted defendant The George Units LLC's motion for summary judgment dismissing the amended complaint, unanimously modified, on the law, to deny the motion for summary judgment as to the allegations that plaintiff's fall was caused by a wet condition, and otherwise affirmed, without costs.
In this personal injury action, plaintiff alleges that she slipped and fell down an interior stairway in her apartment building, which is owned by defendant The George Units LLC. Plaintiff avers that her fall was caused by a wet slippery substance on the stairs, by a defective handrail, and/or by defective lighting.
The George established prima facie that the lighting for the stairway complied with the applicable codes at the time of plaintiff's accident, through testimony from its general manager and an expert affidavit from an engineer. Based on testing he performed about three years after the accident, the engineer concluded that the lighting in the stairway "was adequate, in conformance with all applicable codes and standards and did not contribute to the accident" (see Babich v R.G.T. Rest. Corp., 75 AD3d 439, 440 [1st Dept 2010]). The general manager's testimony established that the lighting in the stairway had not been changed after the accident.
In opposition, plaintiff's testimony that the lighting where she fell was "cloudy" was insufficient to create an issue of fact. Plaintiff simply testified that her right foot slipped because the last three steps from the landing were wet, not that she could not see the steps (see Reyes v 83 Post Ave. Assoc., L.L.C., 168 AD3d 607, 607-608 [1st Dept 2019], lv denied 33 NY3d 905 [2019]). Plaintiff's expert's opinion that the lighting conditions in the stairway had likely been altered after plaintiff's accident and before the date of his inspection is speculative because it was solely based on plaintiff's testimony that "there was very little visibility" at the time of the accident (see Williams v Plaxall Realty Sub, LLC, 222 AD3d 508, 509-510 [1st Dept 2023]).
The George also established prima facie that the handrail on the right side of the stairway did not proximately cause the accident. Plaintiff testified that there was "nothing wrong with" that handrail when she fell. Plaintiff's expert's opinion about the handrail is speculative and fails to establish that any violation of the building code proximately caused her accident, which occurred while she was holding the right handrail and was holding her phone in her left hand (see Igbodudu-Edwards v Board of Mgrs. of the Parkchester N. Condominium, Inc., 105 AD3d 448, 449 [1st Dept 2013]).
Arguing that its employees did not create the wet condition, The George submitted an affidavit of its porter, who stated that he was responsible for maintenance of the building on the day of the accident. The porter stated that at about 8:00 a.m. that day, he "walked through the building, including the [stairway] to inspect for any hazards . . . and to check the lighting conditions." He stated that his inspection of the building concluded around 9:30 a.m., around an hour before plaintiff fell, and that he did not observe any spills or other hazardous condition in that area. He further stated that the stairway was not mopped that day because it was a Saturday.
In opposition, plaintiff submitted her own testimony and that of two nonparty witnesses: her sister, who was a tenant in the building, and a neighbor. Both testified that they saw plaintiff on the landing moments after she fell. All three concluded that The George's employees had mopped that stairway shortly before plaintiff's fall and thus caused the wet condition. Plaintiff testified that "[t]he floor was shiny and slippery . . . like they mopped it and left it wet." Her sister testified that when she arrived, the whole floor looked "shiny and wet as if they had just finished cleaning it." The other witness testified that the area smelled like bleach and that she "recognize[d] the smell" from other times when the building's stairs were cleaned, though she did not remember whether the smell of bleach emanated from the stairway where plaintiff fell or another stairway.
Through the affidavit of its porter, The George shouldered its burden of making a prima facie showing that its employees did not create the wet condition (see Hartley v Burnside Hous. Dev. Fund Corp., 209 AD3d 608, 609 [1st Dept 2022]). However, the testimony of plaintiff and her two witnesses conflicts with the affidavit of The George's porter and thus raises a triable issue of fact as to whether The George's employees created the wet condition on the stairway. This conflict presents a credibility contest that precludes the grant of summary judgment (see De Paris v Women's Natl. Republican Club, Inc., 148 AD3d 401, 404 [1st Dept 2017]). Similarly, any shortcomings in the witnesses' memory or perception merely go to credibility and "the weight of the evidence, not its competence, and the value to be accorded to the evidence is a matter for resolution by the trier of fact" (Alvarez v New York City Hous. Auth., 295 AD2d 225, 226 [1st Dept 2002]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2026