Meyer v New York Lessee LLC

2026 NY Slip Op 02068

April 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Robert L. Meyer et al., Appellants,

v

New York Lessee LLC, et al., Respondents.

Decided and Entered: April 07, 2026

Index No. 160358/20|Appeal No. 6300-6301|Case No. 2025-00594, 2025-01577|

Before: Scarpulla, J.P., Friedman, Shulman, Rodriguez, Rosado, JJ.

Sullivan Papain Block McManus Coffinas & Cannavo, P.C., New York (Brian J. Shoot of counsel), for appellants.

Smith Mazure, P.C, New York (Louise M. Cherkis of counsel), for respondents.

[*1]

Judgment, Supreme Court, New York County (Shlomo S. Hagler, J.), entered February 21, 2025, in favor of defendants, and bringing up for review an order, same court and Justice, entered January 24, 2025, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Summary judgment was properly granted to defendants where plaintiff was injured when he slipped and fell on water during an ongoing rainstorm while entering the revolving door of a hotel owned and maintained by defendants. Given that it was raining, defendants were "not required to provide a constant ongoing remedy for an alleged slippery condition caused by moisture tracked indoors during the storm" (Polanco v Newmark & Co. Real Estate, Inc., 172 AD3d 602, 602 [1st Dept 2019]; see Garcia v Delgado Travel Agency, 4 AD3d 204, 204 [1st Dept 2004]).

There is no evidence that defendants had constructive notice of a hazard that could have been prevented by the exercise of reasonable care (see Garcia, 4 AD3d at 204). Although defendants had no obligation to continuously mop up all tracked-in water while it was raining, the hotel's security guard, who witnessed plaintiff's accident, nevertheless testified that he saw housekeeping mopping the floor inside the revolving door twice within a half an hour before plaintiff's accident, which was corroborated by an affidavit of a housekeeping staff member who was on duty that day. The video evidence further showed that several people carrying wet umbrellas walked through the revolving door without issue before plaintiff's accident. Thus, based on the record, no inference can be drawn that defendants had constructive notice of a dangerously wet floor (see Garcia, 4 AD3d at 204). Under these circumstances, defendants were not required to produce written maintenance logs to establish lack of constructive notice (see Hartley v Burnside Hous. Dev. Fund Corp., 209 AD3d 608, 609 [1st Dept 2022]).

We have considered plaintiffs' remaining arguments, including the contention that defendants' witnesses were not credible, and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 7, 2026