Rodriguez v D&D Bldg. Co., LLC
2026 NY Slip Op 03927
June 23, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Jaime Rodriguez, Appellant,
v
D&D Building Company, LLC, et al., Respondents.

Decided and Entered: June 23, 2026
Index No. 21328/18|Appeal No. 6952|Case No. 2025-03483|
Before: Renwick, P.J., Scarpulla, González, Rodriguez, O'neill Levy, JJ.

Harris Keenan & Goldfarb PLLC, New York (Jason Steinberg of counsel), for appellant.
Fixler & LaGattuta, LLP, New York (Jason L. Fixler of counsel), for respondents.

[*1]
Order, Supreme Court, Bronx County (Marissa Soto, J.), entered April 10, 2025, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff, who worked for a commercial tenant in defendants' building, alleged that he slipped and fell on a wet condition on the steps in an internal staircase between the 11th and 10th floor. Defendants established prima facie entitlement to summary judgment dismissing the complaint (see e.g. Hartley v Burnside Hous. Dev. Fund Corp., 209 AD3d 608, 609 [1st Dept 2022]). A porter employed by defendants at the building testified at his deposition that he did not mop the subject stairwell on the date in question, that he had inspected and cleaned the stairwell with a broom and dustpan approximately 15 to 20 minutes prior to plaintiff's slip and fall, that he did not observe a wet condition on the subject stairs during his inspection, and that whenever he did mop the stairs, he would not use detergent, but only clean water.
In opposition, however, plaintiff raised a triable issue of fact as to whether defendants' porter created the alleged hazardous wet condition by mopping the stairs and had actual or constructive notice of the wet steps. Plaintiff, as non-movant, is entitled to all favorable inferences that may be drawn from the evidence submitted on summary judgment (see Weingrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Plaintiff testified at his deposition that the wet condition broadly covered the stairs, that he slipped on what smelled like "king pine or detergent," and immediately following his fall he observed what appeared to be wet mop streaks and wet and dry footprints on the stairs (see Pichardo v George Units LLC, 247 AD3d 687, 689 [1st Dept 2026]; Kurtz v Supercuts, Inc., 127 AD3d 546, 546 [1st Dept 2015]). This conflicting evidence "presents a credibility contest that precludes the grant of summary judgment" (Pichardo, 247 AD3d at 689).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2026